In the Matter of PAUL E. THOMPSON, Respondent, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

Third Department, November 1, 1972.

*Bouck, Holloway & Kiernan* (*Stephen M. Kiernan* of counsel), for appellant.

*Miller & Mannix, P. C.* (*Thomas J. McDonough.* of counsel), for respondent.

HERLIHY, P. J. This is an appeal by the defendant (MVAIC) from an order of the Supreme Court at Special Term, entered March 7, 1972 in Washington County, which granted plaintiff's motion for an order pursuant to section 618 of the Insurance Law permitting him to institute an action against MVAIC.

Subdivision (a) of section 618 of article 17-A (Accident Indemnification Law) of the Insurance Law provides that where a person has been injured by an automobile and cannot establish the identity of the operator and owner, he may apply for an order permitting him to bring an action for his injuries against the MVAIC '' and the court may proceed upon such application, in a summary manner ''. Paragraph 5 of subdivision (a) requires that the court be satisfied that '' all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof and * * * that the identity of the motor vehicle and the owner and operator thereof cannot be established ''.

The record contains a notice of intention to make claim executed by the plaintiff and which merely asserts that the reason for such notice was '' possible unidentified car ''. The record also contains a State Police report which states '' car #1 [identified as operated by Ronnie A. Ross] going south on Rt. 4 did not see pedestrian [identified as plaintiff] walking in road southbound in southbound lane until too late to stop hit brakes struck pedestrian ''. The remaining evidentiary material in this record consists of examination before trial of Ronnie A. Ross heretofore held by the attorneys for the plaintiff herein in a prior action brought by the plaintiff against Ronnie A. Ross as operator of an automobile causing him injuries and James Ross as owner of the said automobile.

In his examination before trial — in which MVAIC did not participate — Ronnie stated that as he was proceeding south on Route 4 as described in the police report he suddenly observed something lying in his lane of traffic whereupon he swerved to the opposite side of the highway and stopped his automobile *without* in any way touching the object lying in the highway, which he later learned was a man. After stopping his automobile Ronnie alleged that he left the scene, caused the accident to be reported to the police, and then returned to the scene and that he did have some discussions with a police officer at the scene of the incident but at the hearing could not remember what he had said. Both the examination before trial and the police report reveal that there were three passengers in the car operated by Ronnie who would presumably be witnesses as to the events described by Ronnie and, further, that a named person was operating an automobile immediately following Ronnie on the night in question and that both said operator and a passenger or passengers in his car could be witnesses to the events. The record is silent as to what statements these apparent witnesses have made, however, it is certain that the State Police report was based upon some information not yet disclosed.

In *Matter of Wallace* v. *MVAIC* (25 N Y 2d 384) the nature of the protection that MVAIC was intended to provide to innocent victims was considered. A reading of section 618 reveals that the burden is upon the plaintiff or alleged innocent victim to reasonably establish that his injuries were caused by an unidentified vehicle and operator or owner. Upon the present record it does not appear that the plaintiff has made such reasonable efforts as are required in view of the unknown probable testimony of the many witnesses disclosed by the evidence including the source of information utilized by the State police officer in making out his report which is contained in this record. In *Matter of Brown* v. *MVAIC* (35 A D 2d 339) the record did not disclose any evidence which would tend to seriously dispute the denial by the alleged operator of the injury causing automobile that he caused any injuries to anyone. The important factor in *Brown* was the apparent disclosure of all of such evidence as would be presumably available to the plaintiff. Under such circumstances, the court in *Brown* permitted MVAIC to be brought into the action as a party defendant. That decision does not control the present factual situation.

In the present case, there has not been an adequate disclosure of the evidence available on the issue of identity to support either

the granting of permission to commence an action against MVAIC or to require a hearing in regard to such application. There is no basis in the record to sustain Special Term's conclusion " that a qualified person has only a slight chance of holding in a suspected hit-and-run owner or operator ". The testimony of the available witnesses, including the State trooper, may well prove otherwise.

The order should be reversed, with costs, and the motion denied, without prejudice to a renewal thereof upon sufficient factual allegations.

STALEY, JR., SWEENEY, SIMONS and KANE, JJ., concur.

Order reversed, with costs, and motion denied, without prejudice to a renewal thereof upon sufficient factual allegations.