■ In the Matter of JOHN PERSON, JR., Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—In a proceeding for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation to recover damages for personal injuries (see Insurance Law, § 618), the appeal is from an order of the Supreme Court, Kings County, dated December 2, 1975, which granted the application. Order reversed, on the law, without costs or disbursements, and application denied, without prejudice to renewal upon additional facts in accordance herewith. No fact findings have been reviewed. The record discloses prima facie evidence of the identity of the hit-and-run vehicle and its owner and apparent driver; the Henderson vehicle matches the description and license plate number supplied to the investigating police officer by eyewitnesses to the accident. Although the criminal complaint against Henderson was dismissed, for lack of independent inculpatory evidence as of that date, petitioner's failure to conduct an investigation of his own, based upon the information possessed by the witnesses listed in the police report and by the detective who conducted the police investigation, compels the conclusion that petitioner has not made all reasonable efforts to ascertain the identity of the vehicle and its owner and operator, as required by section 618 (subd [a], par [5]) of the Insurance Law. Absent a renewed application based upon such further investigation, petitioner must commence a civil suit against Henderson, in which appellant may be joined as a party defendant if the facts elicited therein so warrant (see *Matter of Ruiz v MVAIC,* 19 AD2d 832; *Matter of Cabral v MVAIC,* 48 Misc 2d 456; cf. *Matter of Thompson v MVAIC,* 39 AD2d 508). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.

■ In the Matter of CHARLES SIESTO, Petitioner, v BOARD OF COMMISSIONERS, POLICE DEPARTMENT, PORT WASHINGTON, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Police Commissioners, made October 31, 1975 after a departmental hearing, which (1) found petitioner guilty of certain misconduct and (2) fined him $100 and demoted him in grade and title for one year. Determination confirmed and proceeding dismissed on the merits, with costs. The board's determination finding petitioner guilty of the charges herein is supported by substantial evidence. We do not find that the fine and demotion imposed require judicial correction (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.