## Richmond

ARTHUR J. MANGUS v. JOHN DOE.

April 23, 1962.

Record No. 5386.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

*Calvin W. Breit* (*Robert S. Cohen; Amato, Babalas, Breit & Cohen,* on brief), for the plaintiff in error.

*William L. Shapero* (*Shapero & Shapero,* on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This is an appeal from an order sustaining a motion to dismiss a motion for judgment filed by the plaintiff, Arthur J. Mangus, against the defendant, John Doe, on the ground that the operator of a motor

vehicle causing injuries to Mangus was not "unknown" within the meaning of the language of the Uninsured Motorist Law.[1]

The motion for judgment alleged that on August 3, 1960, Mangus was the owner and operator of an automobile which stopped in a line of traffic facing east on Princess Anne road near its intersection with Tidewater drive in the city of Norfolk, in compliance with a traffic signal showing red at the intersection; that while Mangus was waiting for the light to change and traffic ahead of him to move, a motor vehicle operated in a negligent manner by an unknown party struck the rear of the Mangus vehicle, and as a result thereof Mangus suffered serious bodily injuries.

The United States Casualty Company, insurer of the Mangus automobile, filed in its own name and in the name of John Doe, the defendant, a joint motion to dismiss the motion for judgment on the principal ground that the person causing the injury to Mangus was not "unknown" to him within the meaning and purview of § 38.1-381, as amended.

The court, after hearing evidence on the motion to dismiss, in a written opinion held that while the operator of the vehicle which struck the Mangus automobile was unknown, he was unknown only because Mangus failed to exercise reasonable diligence to ascertain his identity, and that he was not "unknown" within the meaning of § 38.1-381, as amended, and entered its order sustaining the motion and dismissing the motion for judgment.

The evidence heard on the motion to dismiss shows that while the Mangus automobile was stopped in a line of traffic it was struck on its rear bumper by an automobile operated by an unknown party. Mangus and the other operator got out of their vehicles, examined them, and determined that no physical damage had been done to either car. Neither of the operators obtained the name of the other, the vehicles' license numbers, nor any information relating to their identities.

Mangus made no report of the accident to the Division of Motor Vehicles or to his insurance company until sometime during the first week in December, 1960.

At the time of the accident Mangus was receiving regular treatments for an arthritic condition and did not know that he had sustained any physical injury in the accident until November 1, 1960, when his physician found he was suffering from a ruptured disk. He was

---

[1] Code, 1960 Cum. Supp., § 38.1-381, as amended. (Acts 1958, ch. 282, p. 336; Acts 1959, Ex. Sess., ch. 42, p. 117; *Id.*, ch. 70, p. 163; Acts 1960, ch. 462, p. 721.)

immediately hospitalized, where he remained until November 15, 1960, and upon his discharge from the hospital he was confined to his home for three weeks.

Mangus was the named insured in an automobile bodily injury and property damage liability insurance policy issued by the United States Casualty Company with the endorsement thereon required by § 38.1-381(b), and under its terms the insurance company agreed "to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle," within certain prescribed limits.

Code § 38.1-381(c) provides that a motor vehicle shall be deemed to be uninsured if the owner or operator thereof be unknown. This provision of the statute is as much a part of the policy as if it were clearly written therein. *Ampy* v. *Metropolitan Cas. Ins. Co.*, 200 Va. 396, 400, 105 S. E. 2d 839, 844; *State Farm Mutual* v. *Duncan*, 203 Va. 440, 443, 125 S. E. 2d 154, 157, decided this day.

At the time of the accident it did not appear that Mangus had sustained any damage to his automobile or that he had suffered any bodily injury, and under the circumstances there was no necessity for him to obtain the name and address of the operator, whom he did not know, or the license number of his vehicle.

The uninsured motorist statute does not say that if an insured fails to exercise due care or diligence to ascertain the identity of an unknown motorist causing him bodily injury or property damage he cannot maintain an action to establish legal liability against an unknown party. The statute simply states that if the owner or operator be "unknown" he shall be deemed to be uninsured. § 38.1-381(c). There is no limitation in the statute on the commonly accepted meaning of the word "unknown." For us to say that an insured had the duty to exercise due diligence to ascertain the identity of an unknown motorist would be reading into the statute language which does not there appear.

We recognize that this interpretation could open the door to the filing of fraudulent claims, but persons who have valid causes of action should not be denied the right to recover because of the possibility of the presentation of fraudulent claims by others. If fraudulent actions do arise they may be ferreted out in the same manner in which courts and juries handle such situations in other cases. *Midkiff* v. *Midkiff*, 201 Va. 829, 833, 113 S. E. 2d 875, 878, 81 A. L. R. 2d 1150, 1154.

For the reason stated, the lower court erred in sustaining the de-

murer to and dismissing the motion for judgment. Accordingly, the judgment is reversed and the case remanded for such further proceedings as may be requisite.

*Reversed and remanded.*