Samuel J. Silverman, J.
Petitioner moves, under subdivision (a) of section 618 of the Insurance Law, for leave to sue Motor Vehicle Accident Indemnification. Corporation, on the ground that petitioner was a ‘‘ qualified person ’ ’ who had suffered personal injury in a ‘ hit-and-run ’ ’ case. Mr. Justice Korn of this court ordered a trial of the issue of ‘1 whether a ‘ hit-and-run ’ situation is involved in this matter, to wit, whether or not the owner and operator of the vehicle which allegedly struck the petitioner, is or are ascertainable within the purview of Section 618 of Article 17-A of the Insurance Law and whether the petitioner herein was involved in a ‘ hit-and-run ’ accident This issue came on for trial before me,
*457 The evidence shows that on July 15, 1964 petitioner, who was on the sidewalk in front of her house, was knocked down by a 1953 Ford. Petitioner was knocked into a cellar. The driver of the Ford ran away, leaving the car on the scene.
Efforts by the police to locate the driver have been unsuccessful.
The car had no regular license plate attached, but it did have attached a piece of cardboard bearing the number LQ 7797, obviously intended to indicate the license number. The police investigated and found that the car had in fact been registered under that license number in the name of one Charles Henderson until June 10, 1964,- slightly over a month before the accident. At that time Mr. Henderson had surrendered his license plates to the State Motor Vehicle Department. He told the police officer that he had sold the vehicle to a man named “ Richard ” for $5 as junk. The police were unable to locate Richard. The records of the Motor Vehicle Department show, and I find as a fact, that Mr. Henderson did in fact surrender his license plates on or about June 10, 1964, for the reason that his insurance was expiring, and he either did not wish to or could not obtain further insurance.
At the court’s suggestion Mr. Henderson was subpoenaed. He testified that he was going to junk the car and that his mechanic, one Richard Hunt, of 2000 Mapes Avenue, in The Bronx, offered to give him the same price that the junk dealer would give him; and gave him $5 for it. Mr. Henderson further testified that after he was notified of the accident he went on several occasions to Mr. Hunt’s apartment to inquire of Mr. Hunt as to what had happened, but Mr. Hunt’s “ girl friend ” told him Mr. Hunt was not in.
Although the opposing papers submitted by MVAIO on the motion before Mr. Justice Koek suggested that there had been further transactions with respect to the car, no evidence of such transactions was offered at the hearing.
No evidence was offered of any investigation by or on behalf of the plaintiff except that telegrams were sent to various people to appear for the hearing and were reported to be undeliverable; and except, of course, that plaintiff subpoenaed all the witnesses — police, Motor Vehicle Department representative, and Mr. Henderson — for the hearing, which was held in November, 1965, some 16 months after the accident. Plaintiff herself had been taken to a hospital following the accident.
Subdivision (a) of section 618 of the Insurance Law which is here applicable, provides that the court may make an order permitting the applicant to bring an action against the MVAIO *458 when the court is satisfied upon the hearing of the application that: “ (5) all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof and either that the identity of the motor vehicle and the owner and operator thereof cannot be established, or that the identity of the operator, who was operating the motor vehicle without the owner’s consent, cannot be established
(a) In the case at bar in a sense, of course, the motor vehicle is identified — it was there after the accident, a 1953 Ford, though it is hard to see why such a merely physical identification of an inanimate object should have any legal significance unless it leads to identification of the owner and operator. (Neither subdivision (b) of section 608 of the Insurance Law, which also seems to be applicable, nor Mr. Justice Kokh’s ox’der ixx the case at bax', requires either inquiry or finding as to identification of the inanimate motor vehicle itself.) -
(b) On this record the owxxer of the motor vehicle has been identified as one Richard Hunt, of 2000 Mapes Avenue, The Bronx. There is undisputed testimony of the transfer to him a month eariler and no evidence of axxy transfer by him. It may well be, of course, that further ixxvestigatioxx will show that there have been further transfers; but on this record xxo such further transfers have been shown.
(c) The identity of the operator has not beexx established axxd reasonable efforts to establish that idexxtity have been unsuccessful.
The question then arises whether the correct meaning of paragraph (5) of subdivision (a) of section 618 is that a petitioner is to be defeated in her application if she is able to identify any one of the three — motor vehicle, owxxer or operator; or is petitioner to be granted leave to sue if petitioxxer can identify the owner but not the operator. (For presexxt purposes I shall disregard the meaning of the requirement of inability to identify the motor vehicle.)
Grammatically the statutory laxiguage ‘ ‘ that the identity of the motor vehicle axxd the owner axxd operator thereof cannot be established” is ambiguous; grammatically it can be read either as meaning that the idexxtity of noxxe of them caxx be established or that the identity of some one of them cannot be established.
I think that it means at least that the identity of neither the owner nor the operator can be established, for these reasons: The standard liability insurance policy protects the injured party if he obtains a judgment against either the owner or the authorized operator. Ixx either case, if there is insurance, the *459 injured person is protected without resort to MVAIC. The only situation in which this is not true is where the car is operated without the owner’s consent and there special provision is made in the act, either under section 610 on the ground that the judgment has been recovered against “ a financially irresponsible motorist ”, or under the second half of paragraph (5) of subdivision (a) of section 618 above, which permits suit against MVAIC where ‘ ‘ the identity of the operator, who was operating the motor vehicle without the owner’s consent, cannot be established If mere inability to establish the identity of the operator is enough to bring an applicant within the first half of paragraph (5) of subdivision (a) of section 618, then the second half is quite unnecessary and the qualifying clause of the second half (“who was operating the motor vehicle without the owner’s consent”) pointless.
I therefore conclude that if the identity of the owner can be ascertained a petitioner cannot proceed under the first half of paragraph (5) of subdivision (a) of section 618. And of course there is no evidence before me that would bring petitioner within the second half of paragraph (5) of subdivision (a) of section 618, i.e., the case of the unauthorized unidentified driver.
In the case at bar there is strong evidence that Richard Hunt, of 2000 Mapes Avenue, The Bronx, was the owner of the motor vehicle at the time of the accident, and there is no evidence to the contrary in this record. Accordingly, I think this case is governed by Matter of Ruiz v. MVAIC (19 A D 2d 832 [2d Dept., 1963]) in which the court said: “The record discloses substantial evidence of identification of the second successive vehicle operated by a hit-and-run driver, which was caused to run over petitioners’ intestate. Under the circumstances, an action against the registered owner and the actual owner and apparent operator of the vehicle in the vicinity should be commenced and vigorously prosecuted. Only in the event of such prosecution, if unsuccessful for lack of identity, should leave to sue the appellant corporation (MVAIC) be considered, provided application for such relief be made within the time prescribed by statute (Insurance Law, § 618).”
For present purposes the statutory scheme with respect to the rights of “ qualified persons ” contemplates the following separate remedies:
I. Suit against an identifiable, financially irresponsible motorist (Insurance Law, § 608, subd. [a]) which MVAIC can then defend (§ 609) and as to which appropriate proceedings can be brought to require MVAIC to pay the judgment (§ 610).
*460 II. A motion for leave to sue MYAIC directly, in the hit-and-run case, followed by suit against MYAIC .directly under subdivision (a) of section 618 — the procedure here sought to be followed.
III. Suit against owner or operator in which judgment is rendered for the defendant on the sole ground of lack of identification (of the vehicle and owner and operator) which can then and only then be followed by procedure II above. This is the procedure contemplated by subdivision (b) of section 618. Procedure III above is the procedure that the Appellate Division directed in the Ruis case above and that I am afraid must be followed here.
Accordingly, I find that the court is not satisfied on the present record that the identity of the owner cannot be established.
Mr. Justice Kok.it held the decision of the main motion in abeyance pending this hearing. To avoid further circuity, he has referred to me the balance of this motion.
In view of my finding, the motion for leave to sue MYAIC under subdivision (a) of section 618 of the Insurance Law must be denied. But obstacles in petitioner’s path should not be further multiplied. Under petitioner’s prayer for “ other further and different relief ”, the court directs that, within 30 days after entry of the order herein, MYAIC shall make available to petitioner all its evidence and investigatory material including reports of investigation as to the identity of the owner or operator of the motor vehicle (cf. Matter of Rosen [MVAIC], 20 A D 2d 704 [1st Dept., 1964]).
What has thus far been involved and what I have decided is a dispute as to procedure. But in its concentration on the procedural dispute the court cannot overlook the substantive aspects of the situation.
On the apparently undisputed facts in this ease, petitioner, standing on the sidewalk, was knocked down by a car which mounted the sidewalk. The driver ran away and abandoned the car. The car was unregistered and obviously uninsured. (The last-known insurance expired one month before the accident; the car was apparently sold as junk for $5 and may have been sold and resold without registration several times in the month before the accident.) Petitioner is thus exactly the person for whose benefit the MYAIC act was enacted and MYAIC created. One would expect the only issue in the case to be the amount of petitioner’s damages.
Yet petitioner has had to go through a motion and an evidentiary hearing on a procedural dispute having no relation to the merits (although perhaps further premotion investigation *461 by. petitioner’s attorney might have minimized the risk of this dispute). And now petitioner must sue the real or apparent owner, who may be any of several people. And if she is successful in that litigation, she will presumably then have to pursue her remedies against MVAIO under section 610 of the Insurance Law; and, if unsuccessful because of failure to establish identity, she will have to make a motion similar to the present motion all over again to be followed by a suit against MVAIO (see Insurance Law, § 618, subd. [b]).
Of course the merits have not been fully explored before me; and perhaps MVAIO has knowledge of some facts which make petitioner’s moral and substantive position less strong than I have stated. But if the facts are indeed as they appear to be, it seems a gross perversion of the beneficent purposes of the MVAIO act to require petitioner to exhaust herself on these various procedural obstacles. In these circumstances • — if the facts are as they appear to be — does not a due regard for the public policy embodied in the MVAIC act require MVAIO to make a good faith effort to agree with petitioner on what appears to be the only real issue in the case — how much is fair compensation for her injuries ? And if the parties are unable to agree as to that amount, should not MVAIC co-operate in eliminating all procedural obstacles to a judicial determination of the only real issue — the amount of petitioner’s recovery?
Further, should not the Legislature re-examine the MVAIC act with a view to eliminating or reducing the procedural obstacles in the path of a legitimate claim?
The application for. leave to sue MVAIC is denied. MVAIO is directed within 30 days after the entry of the order herein to make available to petitioner all MVAIC’s investigatory material and evidence including any reports of investigations, as to the identity of the owner or operator of the motor vehicle involved.