226 So.2d 119 (1969)
Julian VALDES, Appellant,
v.
PRUDENCE MUTUAL CASUALTY CO., an Illinois Corporation Authorized to Do Business in the State of Florida, Appellee.
No. 68-1100.
District Court of Appeal of Florida. Third District.
July 22, 1969.
Rehearing Denied September 9, 1969.
Leonard L. Levenstein, and Jon W. Burke, Miami, for appellant.
Hawkesworth & Kay and Charles H. Baumberger, Miami, for appellee.
*120 Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PEARSON, Chief Judge.
The appellant was the plaintiff in an action against his insurance carrier. The complaint alleged that appellant was injured by an uninsured motorist and was entitled to compensation under the uninsured motorist provision of his policy. The appellee denied that the second party to the collision was an uninsured motorist. At trial the court directed a verdict for the appellee and entered final judgment for the appellee pursuant to the directed verdict.
In examining the record upon a point on appeal questioning a directed verdict, we must indulge in every conclusion favorable to the party moved against that a jury might fairly and reasonably infer from the evidence. Metropolitan Life Ins. Co. v. Jenkins, 152 Fla. 486, 12 So.2d 374 (1943). After examining the record in accordance with the foregoing rule, we conclude that we must reverse the judgment for the appellee.
The appellant proved through public records of both the Miami office and the Tallahassee office of the Financial Responsibility Division, office of the Insurance Commissioner of the State of Florida, that the owner-driver of the offending automobile had no automobile liability insurance on the date of the collision. The automobile was registered in Florida and carried a Florida license plate. In addition the Miami Regional Co-ordinator for the State of Florida Financial Responsibility Division appearing as a witness for the appellant testified that the driver of the offending automobile did not respond to a notice asking him whether he was uninsured on the date of the collision and that as a consequence his right to operate an automobile in this state had been suspended. Upon cross examination it was disclosed that this driver was using a Virginia driver's license.
We think the plaintiff established a prima facie case and that the duty of going forward with the evidence shifted to the defendant-appellee. Cf. Leonetti v. Boone, Fla. 1954, 74 So.2d 551; Seaboard Air Line R. Co. v. Lake Region Packing Ass'n, Fla. App. 1968, 211 So.2d 25, 28. And see 29 Am.Jur.2d Evidence § 126, page 157. By simply raising the possibility that the driver of the offending vehicle was a resident of Virginia and that he may have had automobile liability insurance in Virginia the appellee did not fulfill its duty of going forward with the evidence. Cf. District Heights Apartments, Section D-E v. Noland Co., 202 Md. 43, 95 A.2d 90, 93-94, 39 A.L.R.2d 387 (1953).
The appellee has cross assigned as error the admission of the records of the Financial Responsibility Division. The records were properly admitted. See § 92.12, Fla. Stat. (1967), F.S.A.; Corbett v. Berg, Fla.App. 1963, 152 So.2d 196.
Reversed and remanded for new trial.