Dorothy Jean BIGGS, Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a
corporation, Appellant.

No. 49347.

Supreme Court of Oklahoma.

July 5, 1977.

Rehearing Denied Sept. 26, 1977.

Jones, Givens, Brett, Gotcher, Doyle &
Bogan, Inc., by Allen B. Pease, Tulsa, for
appellee.

Best, Sharp, Thomas & Glass by Joseph
A. Sharp and Michael P. Atkinson, Tulsa,
for appellant.

BARNES, Justice:

This is an appeal by Appellant, State
Farm Mutual Automobile Insurance Com-
pany, from a verdict lodged in the District
Court for the Appellee, Dorothy Jean
Biggs. The parties are in agreement as to
the facts and the evidence presented.

The action was brought by Appellee on a
policy of insurance issued by Appellant,
seeking recovery of damages for injuries

allegedly sustained when an unidentified motorist caused Appellee's vehicle to swerve off the highway into a ditch embankment, causing her to suffer bodily injury. The Trial Court entered judgment for the Appellee on a jury verdict. Appellant's Motion for New Trial and Motion for Judgment Notwithstanding the Verdict were overruled. From those rulings, Appellant brings this appeal.

On September 20, 1974, Appellee was en route from Pryor, Oklahoma, to Muskogee, Oklahoma, by way of U.S. Highway 69, when she was involved in a vehicular accident allegedly caused by an unidentified motorist. Appellee asserted she was forced off the road by the unidentified motorist operating a blue pickup truck, while she was in the process of attempting to pass the pickup and another vehicle driven by the witness, Robert W. Brewer. It is to be noted that Appellee was the only witness to the accident as Brewer did not see the Appellee's vehicle until it was out of control and never saw what occurred prior to the accident. Witness Brewer did not see the pickup attempt to pull out. Nor did he hear or see any contact between the pickup and the Appellee's vehicle. Both Appellee's petition and testimony alleged physical contact of the unidentified automobile with her car.

Appellee's husband, Harold Biggs, testified as to entering into a contract of insurance with Appellant covering the vehicle his wife was operating at the time of the accident. Said policy was entered into evidence pursuant to stipulation of the parties and provided uninsured motorist coverage.

On January 9, 1976, the jury returned the following interrogatory:

"We, the jury impaneled and sworn in the above entitled cause, do upon our oaths, find by a preponderance of the evidence, that there was physical contact between plaintiff's automobile and John Doe's pickup: Yes___ No _X_

(Signed)   Foreman, Clinton Neeley"

This is a case of first impression in Oklahoma.

Appellant first argues error by the Trial Court in overruling its Motion for New Trial and Motion for Judgment Notwithstanding the Verdict, asserting that the jury's answer to the Court's special interrogatory specifically precludes recovery under the contract of insurance sued upon.

The contract of insurance involved contained the following provisions as to damages for bodily injury caused by all uninsured motor vehicles:

"To pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such insured motor vehicle. . . . "

The insurance contract defined a hit-and-run vehicle as follows:

"A land motor vehicle which causes bodily injury to an insured arising out of *physical contact* of such vehicle with the insured . . . at the time of the accident. . . . " (Emphasis ours)

Appellant urges the insuring agreements relied upon thus bar recovery for the reason that the jury specifically found that no physical contact between the Appellee's vehicle and the hit-and-run motor vehicle occurred. The Appellant contends the Trial Court's judgment is contrary to the jury's finding on the issue of physical contact.

Secondly, Appellant asserts the physical contact requirement, contained in the insurance contract and precluding recovery, is logical and consistent with public policy and does not operate to limit the legislative intent expressed in 36 O.S.1971, § 3636. That statute provides, in pertinent part, that:

"(A) No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally

garaged in this state unless the policy includes the coverage described in subsection (B) of this section.

"(B) The policy referred to in subsection (A) of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of *uninsured motor vehicles and hit-and-run motor vehicles* because of bodily injury, sickness or disease, including death resulting therefrom. * * * " (Emphasis ours)

We must interpret the uninsured motorist statute to determine if there is uninsured motorist coverage under those facts. The uninsured motorist statutes enacted by the Legislatures of the various States can be broken down into three basic types: (1) Those where the statutes specifically state that there be physical contact to provide coverage; (2) those where the statute speaks of the uninsured motorist, but fails to mention either physical contact or hit-and-run drivers; and (3) those where the statute speaks only of uninsured motorists and hit-and-run drivers without mention of physical contact. Oklahoma's statute falls within the third category.

Two divergent lines of authority appear to exist as to the third category on the issue of whether or not the policy provision of "actual physical contact" must be met before recovery can be had under an uninsured motorist damages claim.

Appellant herein relies heavily on *Traveler's Indemnity Co. v. Reddick*, 37 Ohio St.2d 119, 308 N.E.2d 454 (1974), and *Prosk v. Allstate Insurance Co.*, 82 Ill.App.2d 457, 226 N.E.2d 498 (1967). We find more persuasive the reasoning of *Hartford Accident and Indemnity Company v. Novak*, 86 Wash.2d 576, 520 P.2d 1368 (1974). There the defendants were involved in an automobile accident with a second vehicle, which struck the defendants' vehicle as the second vehicle swerved to avoid colliding with another third vehicle, which had unexpectedly pulled out into the lane of traffic. At the time of the accident the third vehicle failed to make any "physical contact" with either the second vehicle or the defendants' vehicle, but rather fled the scene without leaving any means of identification available to anyone involved. That insurance policy, as does the insurance policy in question, defined "hit-and-run" automobile as requiring physical contact with the insured. The Washington uninsured motorist statute, like that of Oklahoma, speaks of hit-and-run motor vehicles without mention of physical contact. The Washington Supreme Court said:

"We believe it is apparent that the legislature, by its enactment of RCW 48.-22.030, intended to afford protection to an insured for injuries or damages proximately caused by a hit-and-run vehicle, irrespective of its actual physical contact with the vehicle of the insured. The plaintiff insurance company in this case was bound to follow the mandate of our statute, and the limiting language in the policy to the contrary, requiring physical contact by the hit-and-run vehicle to afford the defendants coverage, is void and contrary to the public policy of this state. We therefore hold that the defendants, under their insurance policy with the plaintiff, were covered for injuries and damages which may have resulted from the operation of the hit-and-run vehicle."

Cases to the contrary frequently state the requirement of physical contact is not to provide meaning to the term "hit-and-run", but rather is for the purpose of preventing the possible filing of fraudulent claims. This argument is also answered in *Hartford, supra*:

"The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact. If

twenty witnesses will swear they saw the accident happen, their testimony should not be deemed worthless, as it would be under the decision here for review."

We are further persuaded by the reasoning of the New Hampshire Supreme Court in *Soule v. Stuyvesant Insurance Company*, 364 A.2d 883 (N.H.1976), which held that an automobile policy which required physical contact with a hit-and-run automobile for uninsured motorist coverage was void as being an impermissible restriction of the coverage provided under statute which mandates compulsory uninsured motorist coverage for all persons legally entitled to recover damages from uninsured motorists and hit-and-run drivers. The Court said therein:

"The New Hampshire Legislature chose not to insert a physical contact requirement into RSA 268:15–a (Supp. 1975) as has been done in some jurisdictions. See Annot., 25 A.L.R.3d 1299, § 3(a) (1969). Instead our statute mandates compulsory coverage to 'all persons who are legally entitled to recover damages' from uninsured motorists and hit-and-run drivers. The statute thus extends coverage to all accidents caused by uninsured motorists or hit-and-run motorists without any requirement of physical contact. It follows that defendant's policy requirement of physical contact is an impermissible restriction of coverage unless the phrase 'hit-and-run' itself limits coverage to cases involving physical contact."

The defendant in *Soule, supra,* urged that the word 'hit' was synonymous with physical contact and therefore a 'hit-and-run' vehicle must refer to a vehicle that has had physical contact with the insured, relying on *Prosk, supra,* which is cited by Appellant in the case at bar. Regarding this contention the Court in *Soule* said:

"\* \* \* We cannot adopt this interpretation, and note at the outset that, if it were correct, the definition defendant inserted in its policy would be superfluous.

"The fallacy in interpreting the phrase from the literal meaning of the word 'hit' lies in the fact that it ignores the commonly accepted meaning of the entire phrase. 'In a majority of jurisdictions, statutes have been enacted imposing a duty upon an individual operating or in control of a motor vehicle involved in an accident causing personal injury or property damage, to stop, give certain information, and to render aid to those who have been injured. [These are [f]amiliarly known as 'hit-and-run statutes. . . .' Annot., 23 A.L.R.3d 497, 500 (1969); 61A C.J.S. Motor Vehicles § 674.-(1) (1970); 7 Am.Jur.2d Automobiles and Highway Traffic § 246 (1963). 'The use of the term 'hit-and-run' . . . is synonymous with a car involved in an accident causing damages where the driver flees from the scene.' *Hartford Accident v. Novak,* 83 Wash.2d 576, 585, 520 P.2d 1368, 1374 (1974).

"RSA 262–A:67 (Supp.1975), as is the case with 'hit-and-run' statutes generally, imposes its requirements on any motor vehicle operator who is 'in any manner involved' in an accident, without reference to physical contact. The apparent intent of the phrase 'hit-and-run' driver under both statutes and defendant's attempted limitation of its statutory coverage to less than that required by RSA 268:15–a (Supp.1975) is ineffective. A. Widiss, A Guide to Uninsured Motorist Coverage § 2.41 (1969)."

While there are cases holding contrary to our views expressed herein, we believe *Hartford* and *Soule, supra,* contain the better reasoning and the more enlightened view, and we therefore adopt their reasoning.

Since the purpose of our uninsured motorist statute is to afford the same protection to a person injured by an uninsured motorist as he would have had if the negligent motorist had carried liability insurance, it would defeat the purpose of the statute to allow insurance contracts to require impact before coverage would be extended to their insured. Admittedly, the burden of proof will be upon the insured to

show that the accident was in fact caused by an unidentified driver, but this opportunity cannot be denied just because there was no "impact" with the offending car.

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, SIMMS and DOOLIN, JJ., concur.