### Barbara BROWN and Buck Brown, Plaintiffs,

v.

### UNITED SERVICES AUTOMOBILE ASSOCIATION, a Reciprocal Insurance Exchange, Defendant.

### No. 61088.

Supreme Court of Oklahoma.

July 24, 1984.

---

Michael T. Rooney, Buck, Merrit & Hoyt, Oklahoma City, for plaintiffs.

A.T. Elder, Jr., Stewart & Elder, Oklahoma City, for defendant.

DOOLIN, Justice.

The above-stated questions arose in the following factual context. The Defendant/insurance company issued an insurance policy to one David Beal. The insurance policy contained an uninsured motorist endorsement as required by 36 O.S. 1981, § 3636. The Plaintiff, Barbara Brown, was a passenger in a vehicle insured by the policy of insurance, which vehicle was being driven by the wife of the named insured.

While the vehicle was being driven by Ms. Beal and occupied by Ms. Brown, another vehicle collided with the Beal vehicle, causing injury to Ms. Brown. The other vehicle left the scene of the accident without stopping. The parties to the instant case agree that the accident was caused by the negligence of the driver of the vehicle which left the scene of the accident.

The vehicle causing the accident was followed by another motorist and subsequently identified. The name of the owner of the vehicle causing the accident has been ascertained, but the name of the driver who caused the accident has not been established.

I.

A VEHICLE IS A HIT–AND–RUN VEHICLE FOR THE PURPOSES OF UNINSURED MOTORIST COVERAGE SO LONG AS THE IDENTITY OF THE OPERATOR THEREOF HAS NOT BEEN ASCERTAINED.

Our uninsured motorist statute, 36 O.S. 1981, § 3636, provides that an automobile liability insurance policy "shall provide coverage ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles ...." Our statute does not define "hit-and-run vehicle", but the insurance policy in question purports to do so. The certified question states:

> "The policy of insurance issued defines 'hit-and-run vehicle' as a highway vehicle ... provided that there cannot be ascertained the identity of either the owner or operator of such highway vehicle."

Appleman, *Insurance Law and Practice*, § 5066.15, reports that "hit-and-run vehicle" is commonly defined by standard insurance policies in one of two ways. One definition provides coverage "if *neither* the driver nor the owner can be identified." *Id.*, p. 12. [emphasis added]. The other definition provides coverage provided "there cannot be ascertained the identity of *either* the operator or the owner of such 'hit-and-run automobile'." *Id.*, p. 10 n. 1. [emphasis added]. The instant policy utilizes the latter definition.

■ To us, both definitions clearly exclude coverage when the owner of the hit-and-run vehicle has been identified. It is settled in Oklahoma that insurance policy provisions and definitions which purport to condition, limit or dilute the provisions of the uninsured motorist statute are void and unenforceable. *Uptegraft v. Home Insurance Company*, 662 P.2d 681 (Okl.1983); *Lake v. Wright*, 657 P.2d 643 (Okl.1982); *Chambers v. Walker*, 653 P.2d 931 (Okl. 1982); *Porter v. MFA Mutual Insurance Company*, 643 P.2d 302 (Okl.1982); *Biggs v. State Farm Mutual Automobile Insurance Company*, 569 P.2d 430 (Okl.1977); *Cothren v. Emasco Insurance Company*, 555 P.2d 1037 (Okl.1976); *Keel v. MFA Insurance Company*, 553 P.2d 153 (Okl. 1976).

■ An insurance policy provision which denies uninsured motorist coverage to the victim of an unknown hit-and-run driver, merely because the identity of the owner of the hit-and-run vehicle has been ascertained, is contrary to the purpose of

the uninsured motorist statute and is unenforceable in Oklahoma. The statute is designed to protect persons who are legally entitled to recover from the owner *or* the operator of a hit-and-run vehicle.

This is a question of first impression in Oklahoma; authority from other jurisdictions is scanty and contradictory.[1]

■ The nearest Oklahoma case on point is *High v. Southwestern Insurance Company*, 520 P.2d 662 (Okl.1974), in which we held that an injured plaintiff was entitled to sue the insurer under the uninsured motorist clause of his policy where neither the driver nor the owner of the hit-and-run vehicle could be identified sufficiently to obtain a valid judgment against him. We stated therein:

"It was the obvious intent of the legislature in enacting the uninsured motorist statute that persons injured by hit-and-run drivers be protected. The insured pays for the coverage, and the insurance company will not be permitted to escape liability by procedural tactics." 520 P.2d 666.

A hit-and-run driver is still a hit-and-run driver even if the vehicle *and* the vehicle's innocent owner can be identified. The purpose of the statute is to protect the victim of a hit-and-run accident, not to unduly protract the victim's recovery. If the hit-and-run driver *can* be identified, then the victim's recourse will be against the tortfeasor, the owner if he also is liable, the owner's insurer if it is liable, or the victim's insurer if the vehicle is uninsured.

■ Accordingly, we hold that a hit-and-run vehicle *does not* cease to be a

---

1. *Carmichael v. Government Employees Insurance Co.*, 54 A.D.2d 140, 388 N.Y.S.2d 354 (1976), illustrates the unconscionability of refusing uninsured motorist coverage in cases where the identity of the owner but not the operator of the vehicle is known.

*Smith v. Employer's Liability Assurance Corp.*, 217 Pa.Super. 31, 268 A.2d 200 (1970), the court held that when the owner of an alleged hit-and-run vehicle has been identified, the vehicle was not a hit-and-run vehicle under the terms of a policy.

*Frazier v. Jackson*, 231 So.2d 629 (La.App.1970), the owner and his insurer were absolved from liability because the owner was not the driver and had not authorized the driver to use the car. *Application of Cabral*, 48 Misc.2d 456, 265 N.Y. S.2d 11 (Supp.1965), the Court held that the petitioner would not be able to sue MVAIC unless the identity of neither the owner nor the operator could be established.

hit-and-run vehicle for the purposes of un-insured motorist coverage when the name of the owner, but not of the tortfeasor, has been ascertained. If the insurance company identifies the hit-and-run driver, the mere allegation by the insured that the accident was hit-and-run will not preclude the insurance company from proving that the accident was not hit-and-run under the uninsured motorist endorsement of the insurance policy. See, *e.g., State Farm Mutual Automobile Insurance Company v. Godfrey,* 120 Ga.App. 560, 171 S.E.2d 735 (1969); *Arceneaux v. Motor Vehicle Gas Company,* 341 So.2d 1287 (La.App.1977).

## II.

NO DUTY IS PLACED ON THE IN-JURED PARTY TO ASCERTAIN OR AT-TEMPT TO ASCERTAIN THE NAME OF THE OWNER OR OPERATOR AFTER THE HIT–AND–RUN MOTOR VEHICLE LEAVES THE SCENE OF THE ACCI-DENT.

In *Biggs v. State Farm Automobile Insurance Company,* 569 P.2d 430 (Okl. 1977), we said, "Admittedly, the burden of proof will be upon the insured to show that the accident was in fact caused by an un-identified driver, but this opportunity can-not be denied just because there was no 'impact' with the offending car." *Id.* at 433–34. This statement, taken out of con-text, could be construed as authority for the proposition that the insured has the burden of proving that the driver of a hit-and-run vehicle is *unidentifiable.* However, the holding in *Biggs* was that the insured would have an opportunity to prove that the accident was *caused* by an uniden-tified driver, regardless of whether the ac-cident was caused by a physical contact. The issue of whether the insured victim of a hit-and-run accident has the burden of proving that the hit-and-run driver cannot be identified by subsequent investigation was not decided.

Our uninsured motorist statute, 36 O.S. 1981, § 3636, simply provides that a motor vehicle liability insurance policy "shall pro-vide coverage ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of ... hit-and-run motor vehi-cles ...."

■ Conversely, 47 O.S.1981, §§ 10–102 and 10–194, require the driver of any vehi-cle involved in an accident resulting in per-sonal injury to stop and provide his correct name, address and vehicle registration number. Any person failing to stop and provide such information, of his own ac-cord, has violated the penal laws of Oklaho-ma.

■ The injured victim of a hit-and-run accident should not be required to chase a fleeing hit-and-run driver. The statutes clearly place the burden of identification on the hit-and-run driver. Nothing in our stat-utes places any duty of investigation on the innocent victim. Of course, the injured party is not permitted to conceal such infor-mation as he may obtain.

Virginia's high court has reached the same conclusion. In *Margus v. Doe,* 203 Va. 518, 125 S.E.2d 166 (1962), the injured party negligently failed to obtain the name of the driver of the car which injured him. The court said:

"For us to say that an insured had the duty to exercise due diligence to ascer-tain the identity of an unknown motorist would be reading into the statute lan-guage which does not there appear.

We recognize that this interpretation could open the door to the filing of fraud-ulent claims, but persons who have valid causes of action should not be denied the right to recover because of the possibility of the presentation of fraudulent claims by others. If fraudulent actions do arise, they may be ferreted out in the same manner in which courts and juries handle such situations in other cases." 125 S.E.2d 168.

The insurance contract in the instant ac-tion appears to have a standard definition

of a hit-and-run accident. The coverage applies provided there *cannot be ascertained* the identity of the hit-and-run driver. See Appleman, *Insurance Law and Practice*, § 5066.15, p. 10 n. 1.

The requirement that the driver "cannot be ascertained" does not automatically allocate between the parties the burden of proving the ascertainability or nonascertainability of the identity of such driver. If the burden is on the insured, he will be required to conduct an investigation and to prove a negative—that the driver cannot be found. If the burden is on the insurer, the insured will be covered by the hit-and-run endorsement unless the insurance company actually locates the tort-feasor.

In those states which have an unsatisfied claim fund, the injured party is statutorily required to prove that he has made all reasonable efforts to locate the tort-feasor and has failed.[2] This requirement is designed to protect the funds of the state agency administering the indemnification program. But the requirement causes hardship and confusion.

When the injured person is suing his insurer and not a state fund, the courts are divided as to whether the burden of ascertaining the identity of the hit-and-run driver should fall upon the insurer. In South Carolina, the insured is statutorily required to prove that he "was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident." S.C.Code § 46–750.34 (Supp., 1975). The hardship caused by that statutory requirement is illustrated by *Hart v. Doe*, 261 S.C. 116, 198 S.E.2d 526 (1973).

The better reasoning is found in those cases holding that the burden of proving that the identity of the hit-and-run driver is ascertainable falls on the insurance company. In *Mangus v. Doe*, 203 Va. 518, 125 S.E.2d 166 (1962), the court refused to infer a statutory duty on the insured to exercise reasonable diligence to ascertain the identity of a hit-and-run driver, reasoning that to do so would be to add language to the statute.

In *Box v. Doe*, 221 So.2d 666 (La.App. 1969), the court was considering a definition of hit-and-run which required that "there cannot be ascertained the identity" of the driver. The Court said:

> "In our opinion plaintiffs are entitled to the benefit of the police investigation. In the first place, the policies do not specify that the investigation should be conducted by the insured and plaintiffs assuredly could not be expected to obtain more information than the Police Department whose duty it is and who are trained to make such investigations. Moreover the policies provide that the police be notified of such accidents within 24 hours."

*Id.* at 669.

In *Walsh v. State Farm Mutual Automobile Insurance Company*, 91 Ill.App.2d 156, 234 N.E.2d 394 (1968), the court held that the phrase "cannot be ascertained" should include situations in which the behavior of the insured is in part responsible for the lack of identification of the offending vehicle. The Court said:

> "The purpose of the policy is to provide coverage for an insured when struck by an automobile whose driver or owner

2. *Simmons v. MVAIC,* 44 A.D.2d 673, 354 N.Y.S.2d 642 (1974), Petitioner was denied the right to sue the state fund because she had the name of the cab which struck her. *Chance v. MVAIC,* 29 A.D.2d 654, 286 N.Y.S.2d 646 (1968), Petitioner was denied leave to sue the fund because he had not attempted to track down a car, the *partial* tag number of which appeared in a police report. In *Flores v. MVAIC,* 32 Misc.2d 884, 225 N.Y.S.2d 481 (Supp.1962), the petition was denied because petitioner failed to investigate a clue that the vehicle *could* be a "Mr. Softee" ice cream truck. *See Jones v. Unsatisfied Claim and Judgment Fund Bd.,* 261 Md. 62, 273 A.2d 418 (1971), for a discussion of the statutory burden placed on the petitioner in an unsatisfied claim fund state. *See* also, *Grady v. Unsatisfied Claim and Judgment Fund Bd.,* 259 Md. 501, 270 A.2d 482 (1970), holding that unfruitful police investigation did not relieve a person with a broken neck from duty to make his own investigation.

cannot be ascertained; the reasons for such an inability to ascertain are not made part of the contract of insurance. We will not add terms to the contract of insurance which the parties have not included in the language of the policy." 234 N.E.2d at 399.

Professor Widiss of the University of Iowa, who has written a comprehensive treatise on the subject of uninsured motorist coverage, is of the opinion that "the burden of proof and/or persuasion ought to be allocated in a fashion which will favor indemnifying the insured in those instances where neither side had sufficient evidence to establish whether or not the insured is entitled to recover under the uninsured motorist endorsement." Widiss, A Guide to Uninsured Motorist Coverage (1969), § 2.43, p. 90.

We agree. Rather than impose a burden on the insured that the identity of the hit-and-run driver cannot be ascertained, the burden should be imposed on the insurer to identify the hit-and-run driver, using whatever information is available to the insured and the insurer. This is a workable procedure, as evidenced by the case of *Arceneaux v. Motor Vehicle Casualty Co.*, 341 So.2d 1287 (La.App.1977).

In *Arceneaux* the injured plaintiff brought suit against her insurer, alleging that she had been injured in a hit-and-run accident. A witness at the scene of the accident chased the hit-and-run vehicle and recorded the vehicle's license number and turned the number over to the police. After the plaintiff sued her insurer, the insurer filed a third-party action against the owner of the hit-and-run vehicle. The trial court determined that the owner of the vehicle had been the driver who caused the accident. The court affirmed the trial court ruling that the identity of the driver had been ascertained.

In the instant case there are allegations that the identity of the hit-and-run driver is ascertainable. In light of the foregoing analysis, we hold that the insurer, not the insured, has the burden of proof, and the risk of nonpersuasion, on this issue.

## III.

### THE BURDEN IS ON THE INSURED TO PROVE THAT THE MOTOR VEHICLE, THE DRIVER OF WHICH HAS CAUSED AN ACCIDENT, IS UNINSURED.

█ In light of our holding in Part I of this opinion that an insured can maintain an action against his liability insurer under the insurance policy's hit-and-run endorsement whenever the identity of the driver had not been ascertained, we assume herein that the identities of both the owner and the driver have been ascertained. Therefore the hit-and-run endorsement will not apply, and the insured must bring his action under the uninsured motorist endorsement to recover from his liability insurer.

The question to be answered, then, is whether the insured has the burden of proving that the other vehicle, the known driver of which has assumedly caused the accident, was uninsured. We hold that the burden of proving that the other vehicle was uninsured falls upon the insured who is seeking to recover under his uninsured motorist endorsement (unless his insurer has contractually assumed the burden of proving that the other vehicle was insured).

This holding is consistent with the great weight of authority in the United States. See *Barnes v. Tarver*, 360 So.2d 953, 956 (Ala.1978); *Home Insurance Company v. Harwell*, 263 Ark. 884, 568 S.W.2d 17, 18 (1979); *Hartford Accident & Indemnity Co. v. Studebaker*, 139 Ga.App. 386, 288 S.E. 322, 324 (1976); *Griffith v. Farm and City Insurance Co.*, 324 N.W.2d 327, 329 (Iowa 1982); *Winner v. Ratzlaff*, 211 Kan. 59, 505 P.2d 606, 610 (1973); *Motorists Mutual Insurance Co. v. Hunt*, 549 S.W.2d 845, 846 (Ky.App.1977); *Bullock v. Commercial Union Insurance Co.*, 397 So.2d 13, 14 (La.App.1981); *State Farm Mutual Automobile Insurance Co. v. Stewart*, 288 So.2d 723, 725 (Miss.1974);

*Oates v. Safeco Insurance Co.,* 583 S.W.2d 713, 715 (Mo.1979); *Rice v. Aetna Casualty and Surety Co.,* 267 N.C. 421, 148 S.E.2d 223, 224 (1966); *Jones v. Prestige Casualty Co.,* 646 S.W.2d 918, 191 (Tenn. App.1982); *Members Mutual Insurance Co. v. Tapp,* 469 S.W.2d 792–93 (Tex.1971); *Signal Insurance Co. v. Walden,* 10 Wash. App. 350, 517 P.2d 611, 613 (1973).

In view of the difficulty of proving a negative, i.e., that the other vehicle was uninsured, some courts have announced the view that proof of a futile search for insurance covering the other vehicle will raise a presumption that the other vehicle was uninsured. *Valdes v. Prudence Mutual Casualty Co.,* 226 So.2d 119, 120 (Fla.App. 1969); *Van Hoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 549 P.2d 1354, 1367 (1976); *Merchants Mutual Insurance Company v. Schmid,* 56 Misc.2d 360, 288 N.Y.S.2d 822, 825 (Supp.1968); *Abraham v. Great American Insurance Co.,* 21 Ohio Misc. 170, 256 N.E.2d 265, 267 (Com.Pl. 1969); *Pickering v. American Employers Insurance Co.,* 109 R.I. 143, 282 A.2d 584, 587 (1971); *State Farm Mutual Automobile Insurance Co. v. Matlock,* 462 S.W.2d 277 (Tex.1970); *Signal Insurance Co. v. Walden,* 10 Wash.App. 350, 517 P.2d 611, 613 (1973).

We view this "Test" as evidence of the point to be proved, and hereby adopt it.

QUESTIONS ANSWERED.

BARNES, C.J., and HODGES, LAVENDER, HARGRAVE, WILSON and KAUGER, JJ., concur.

OPALA, J., concurs in Parts II & III; concurs in part; dissents in part to Part I.

SIMMS, V.C.J., dissents.