**Mark T. VINCENT and Sharon Vincent, Appellants,**

v.

**TRI–STATE INSURANCE COMPANY, Appellee.**

**No. 76091.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 15, 1994.

Certiorari Denied April 19, 1994.

---

Tom R. Cornish, and Rex K. Travis, Oklahoma City, for appellants.

Jim W. Lee, Lee, Durocher, Mauritson & Rowe, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Judge:

Plaintiffs Mark T. Vincent and Sharon Vincent appeal a trial court judgment in favor of Tri–State Insurance Company (Tri–State). Plaintiffs claim the judgment, which was based on Tri–State's Motion for Summary Judgment, was erroneous because there exist material issues of fact for a jury to resolve. We affirm because the uncontroverted facts, together with all reasonable inferences therefrom and considered in the light most favorable to Plaintiffs, are consistent only with judgment for Tri–State.

### FACTS

On July 1, 1987, Mark T. Vincent was driving a Ford truck equipped with a boom crane and owned by his employer, Terry Stanley, d/b/a Boom Service. A blue car which Vincent had been following suddenly turned right. Vincent avoided hitting the car, but while doing so, he lost control of the truck, ending up in a ditch and seriously injured. Shortly thereafter, Plaintiffs sued James Springer and Springer's employer, Coors Central, alleging that Springer was driving the blue car. Prior to trial in that case, Plaintiffs settled with Springer, Coors Central and its insurance carrier, U.S.F. &

G., for $65,000, and they dismissed their negligence and consortium claims against Springer and Coors Central with prejudice.

Shortly thereafter, Plaintiffs sued Tri–State to enforce the uninsured motorist provision of the automobile liability policy issued to Mark Vincent's employer. Apparently believing that Springer was not the driver of the blue car that caused the accident, Plaintiffs alleged the accident was caused by a no contact hit-and-run vehicle and that Tri–State's denial of their claim constituted bad faith.

Tri–State specifically denied their allegations and moved for summary judgment, attaching evidentiary materials to support its claim that there was no coverage. It argued that the vehicle driven by James Springer and owned by Coors Central was not an "uninsured or underinsured motor vehicle" under either 36 O.S.1981 § 3636 or its policy because: (1) Vincent identified Springer as the driver/tortfeasor and sued him; (2) Springer and Coors Central had one million dollars worth of liability insurance; and (3) Plaintiffs settled their claim for $65,000.

Plaintiffs' responded that Tri–State should be estopped from denying coverage because it consented to the settlement after being given newly discovered evidence that the wreck could have involved an unidentified hit-and-run driver and not Springer. In support, Plaintiffs submitted correspondence between their counsel and Tri–State's previous counsel and a statement by James Tucker, Plaintiffs' alleged eye witness to the accident.

In reply, Tri–State argued that Tucker's statement did not controvert its evidence that the Coors vehicle driven by James Springer was the blue car in front of Mark Vincent and which caused his accident. Tri–State attached the written report completed by James Springer for his employer on the day of the accident. In that report, Springer stated that he was traveling north on Shields in the right lane and gave a signal to turn right. He then reported that the truck behind him locked its brakes, swerved right, went out of control, and flipped.

Tri–State also attached depositions taken in the prior negligence action of both James

Springer and Mark Vincent. Springer testified that he pulled out of a Conoco station into the right hand lane on Shields, made a right turn on 71st Street, heard some brakes, and while looking in his rear view mirror, saw a truck which was 25–30 ft. behind him turn over. Mark Vincent testified the blue car pulled out of the Conoco station into the right lane in front of him. According to him, the driver then signaled a left turn, started to move to the left to change lanes, cancelled it, went back to the right lane, and made a right turn onto what he guessed was S.W. 73rd Street.

The trial court sustained Tri–State's summary judgment motion based on Plaintiffs' settlement for $65,000, their dismissal with prejudice of the lawsuit against Springer and Coors who had one million dollars of liability insurance and the lack of competent evidence establishing "the blue vehicle turning right as anything other than the Coors vehicle."

## ANALYSIS

In addressing Plaintiffs' claim that summary adjudication was inappropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and Tri–State is entitled to judgment as a matter of law. *Perry v. Green,* 468 P.2d 483 (Okla. 1970). All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Plaintiffs. *Ross v. City of Shawnee,* 683 P.2d 535 (Okla.1984). We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than on one that could have been assembled. *Frey v. Independence Fire and Cas. Co.,* 698 P.2d 17 (Okla.1985).

Plaintiffs' only argument is that there is a material fact at issue—which of two blue cars caused the accident. They claim the following excerpt from Tucker's statement supports their argument that reasonable people could differ over whether the vehicle driven by Springer or another blue car caused the accident:

Now I got out of my pickup, told my wife to drive up and make a U-turn and come back and get me 'cause I was going to make, try to give aid to the driver in case he was hurt. And I came a running up and then uh shortly after that, a blue car came up, uh, little, oh, 2–door I think it was a 2–door. 4–door. This little blue car and I got up there and the driver was alright [sic], he was shaken up and everything but he was alright [sic] and the cops got there and they asked us stuff and the driver of the truck indicated that he thought the guy that came driving up after I ran across the street was the one that ran him off the road. Cause the driver said the car pulled over in front of him and stopped and he had to take evasive action which may very well have happened, cause I didn't see that part and he described the car and at the time, I thought it was funny cause you know, the truck turned over and the guy came from south, so if that was the car that uh caused him to have the wreck, he would have to go way up and make a U-turn and get through all that traffic and back around to be in time to pull up uh going northbound behind us, behind the accident. It would have made more sense if he'd a pulled over in front of the accident where it occurred if he would have caused it but after the driver indicated what type of car it was, that had caused him to turn right, I got back in my truck and I headed north to make a U-turn to head back south and on up the road aways, I noticed an identical car to the one that the other driver was driving, they were identical to the T and uh there was a young couple had stopped at a mobile home park, ... and I was kind of wondering if maybe it was these people stopping at that mobile home park trying to slow down to look at an address or something that was in front of this truck instead of this guy driving a blue car that pulled up to help after the accident.

We disagree. Tri–State's evidentiary materials, if uncontroverted, establish that the blue car which caused Mark Vincent'to lose control of the truck was driven by Springer. It is clear from Tucker's statement that he did not observe the event which actually caused the accident. Tucker's opinion that a

68

different blue car might have been involved is purely speculative. His statement establishes only that he did not understand how Springer could have caused the accident and then made it back around in the traffic to check on Vincent and that there was another identical blue car farther up the road from the accident scene. His statement does not controvert Tri–State's evidentiary material establishing that the car driven by Springer caused the accident.

On this record, the facts shown by the evidentiary material, together with all reasonable inferences therefrom, are consistent only with the conclusions that Springer was driving the car which the Plaintiffs say caused the accident and that Springer was not an uninsured motorist as that term is defined by Oklahoma law. Accordingly, we affirm the judgment of the trial court.

AFFIRMED.

JONES, P.J., concurs.

HANSEN, J., concurs in judgment.

HANSEN, Judge, concurring in judgment:

In my view, Plaintiffs waived their right to collect under the uninsured motorist provision of their insurance policy by settling their tort action against Coors. Coors carried $1,000,000.00 in liability insurance. Plaintiffs settled for $65,000.00. The uninsured motorist statute is designed to protect persons who are legally entitled to recover from the owner or the operator of a hit and run vehicle. *Brown v. United Services Automobile Association,* 684 P.2d 1195 (Okla.1984). A plaintiff is entitled to sue the insurer under the uninsured motorist clause of his policy where neither the driver nor the owner of the hit and run vehicle can be identified sufficiently to obtain a valid judgment against him. *High v. Southwestern Insurance Company,* 520 P.2d 662 (Okla.1974). Here Plaintiffs identified the tort-feasor, filed a lawsuit and obtained a settlement of their damages. They were not left stranded. Although they settled their action with Coors prior to

judgement, Plaintiffs have received all compensation to which they are entitled.