*549 Bergan, J.
Petitioner’s ward, Oscar Riemenschneidcr, was riding as a passenger in an insured motor vehicle owned by Randolph Valadares, which, while stopped at a toll station, was struck in the rear by another vehicle.
Valadares’ insurance policy contained the standard Mew York Automobile Accident Indemnification Endorsement which, under prescribed circumstances, provides coverage by the respondent-appellant Motor Vehicle Accident Indemnification Corporation.
Immediately after his car was struck, Valadares got out and inspected his own and the other car. Seeing no damage to either, he inquired of Riemenschneidcr and another passenger if they were “ ail right ” and received an affirmative answer. Having no reason to inquire further, he did not take the license number of the other car or get the name of the owner or driver and both cars drove away.
Although this is disputed by Riemonsclineider, the finding of the Special Term, affirmed by the Appellate Division, is that Riemenschneidcr told Valadares he was all right. Riemenschneidcr testified, however, that when he got home he felt pain in the back of his neck and lower back.
The following day he was admitted to a hospital where a diagnosis was made of ‘ Sprain of cervical spine. Whiplash. Low back injury. Soft tissue injury ” and he was placed in cervical traction. He was discharged eight days later with the notation in the hospital record: ‘ ‘ Prognosis not predictable at this time ”.
.A claim was thereafter filed with the respondent-appellant by Riemenschneider’s guardian and a demand made for arbitration. Respondent-appellant moved at Special Term for a stay of arbitration on the ground this accident was not within the policy endorsement or the statutory provision creating a liability for injury by a “ hit and run driver ”. The Special Term denied the motion to stay arbitration; the Appellate Division affirmed by a divided court.
The vehicle which ran into the car in which Riemensehneider was sitting was not, of course, operated by a “hit and run ” driver within the colloquial usage of that term. But the statute, which employs this lerm, does not limit its application only lo *550 the situation of “ hit and run driver ” as that would be understood in colloquial usage.
The statute setting up the procedure to be followed in “ ‘ hit and run ’ causes ” (Insurance Law, § 617) describes the driver of such as one “whose identity is unascertainable ” or, in the terms of the following section (§ 618), “ cannot be ascertained ”. The “declaration of purpose ” of the statute (§ 600) includes protection for injury inflicted by “unidentified motor vehicles which leave the scene of the accident ”.
The endorsement in Valadares’ insurance policy contained similar language defining the term ‘ ‘ hit and run driver ’ ’ as including a situation in which identity “ cannot be ascertained ”. These statutory terms and the similar language of the policy endorsement are literally more inclusive than the term ‘ ‘ hit and run driver ” in colloquial understanding. The language encompasses situations where the operator is unidentified and has left the scene of the accident because there was then no reason to identify him, as well ás an operator who actually prevents identification by leaving the scene.
An injured person who is not aware of his ■ injury until it is too late to take steps to make the necessary identification is in precisely the same situation of deprivation of remedy as he would be if he knew he was hurt but the other driver left the scene without opportunity to identify him. And it seems the purpose of the statute broadly to afford protection in any situation where a vehicle leaves the scene of accident without identity.
If a person sustains an injury and is not aware of it, the effective time when identification becomes important is when the injury manifests itself. If at that time the 'identity of the owner or operator cannot be ascertained, a reasonable construction of a statute having a beneficial and protective function ought to be to protect the injured person to whom other recourse against' the carrier of the vehicle which caused the injury has now become impossible.
Respondent-appellant argues the potential abuse in such a construction of the statute by improperly employing the arbitration facility created by the statute to save time and money. That is not this case in which there is no challenge to the good faith of petitioner-respondent. The record strongly supports the *551 findings that have been made of the sequence of events following this accident.
The requirement of law that all operators report accidents resulting in injury minimizes, the possibility of abuse of the facility by falsely stating identity is unknown.
The order should be affirmed, with costs.