■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT COHN, Also Known as CARL LEIBOWITZ, Also Known as CARL LINOWITZ, Appellant.— Judgment, Supreme Court, New York County, rendered on March 16, 1973, unanimously affirmed. The case is remitted to the Criminal Term, Supreme Court, New York County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). No opinion. Concur — McGivern, P. J., Markewich, Nunez, Tilzer and Lane, JJ.

■ In the Matter of RETHA SIMMONS, as Mother and Natural Guardian of VAN SIMMONS, an Infant, et al., Respondents, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Judgment, Supreme Court, New York County, entered on or about May 7, 1973, granting petitioners' application for leave to sue respondent, reversed, on the law and on the facts, and vacated, and the petition dismissed, without costs and without disbursements, and judgment directed in favor of respondent dismissing the petition. The infant petitioner was allegedly struck by a vehicle which he described to police officers as blue with the words " Buzz A Car" printed on its side. The aided and accident card prepared by the officer confirms the disclosure of such owner and its address. Before suit may be instituted against respondent, section 618 of the Insurance Law requires the court to be satisfied that the identity of the motor vehicle and the owner and the operator thereof is unknown and unascertainable or that the identity of the operator is unknown and it is established that the vehicle was operated without the consent and permission of the owner (*Cudahy* v. *MVAIC,* 36 A D 2d 717.) All reasonable efforts to obtain such information must be made before resort may be had to the relief provided for in said section. (*Matter of O'Rourke,* 29 A D 2d 938.) Despite the fact that petitioners were armed with a description of the vehicle and the name of the organization owning or licensing same, they made no effort, through disclosure or otherwise, to ascertain the identity of the " hit and run " vehicle and its owner and operator. Such failure precludes them from obtaining the permission sought. Concur — McGivern, P. J., Markewich, Murphy and Lane, JJ.; Kupferman, J., dissents in the following memorandum: I dissent and would affirm the determination of the Trial Judge. The procedure required in a " hit and run " case, pursuant to the Accident Indemnification Law (Insurance Law, § 618, subd. [a], par. [5]), is that " all *reasonable efforts*" (italics added) are to be made " to ascertain the identity of the motor vehicle and of the owner and operator thereof " . This obviously is to insure the *bona fides* of the situation. (See *Matter of Wallace* v. *MVAIC,* 25 N Y 2d 384, 388.) In this matter, the petitioner described to the police officers the vehicle as being blue with the words " Buzz A Car" printed on its side. The detective who testified for the petitioner stated that he was a patrolman at the time of the accident assigned to radio patrol. He further stated, as to " Buzz A Car ", that it was a " gypsy cab type vehicle" and they were " all over Jamaica ". Further, he had filled out a UF-61, which is a criminal complaint, and it was referred to the detectives, but they were not able to ascertain the owner of the vehicle that struck the petitioner. Under the circumstances, it must be said that the necessary *reasonable* efforts were made, and that the determination of the trial court should be affirmed.