296 So.2d 629 (1974)
Gregory KWOKA, a Minor, et al., Appellants,
v.
Richard CAMPBELL et al., Appellees.
No. 73-1028.
District Court of Appeal of Florida, Third District.
May 23, 1974.
Rehearing Denied July 15, 1974.
*630 Fuller, Brumer, Moss & Cohen, Bolles, Goodwin, Ryskamp & Welcher, Miami, for appellants.
Talburt, Kubicki & Bradley, and L. Kenneth Barnett, Miami, for appellees.
Before PEARSON, CARROLL and HENDRY, JJ.
PER CURIAM.
The appellants were the plaintiffs in an action to recover for injuries sustained by the minor plaintiff when he fell from an improvised swing upon appellees' property. There is no dispute as to the facts developed upon discovery and by affidavit. The trial court entered a summary final judgment for the defendants and this appeal followed.
The minor plaintiff was playing in the yard of defendants' home. In a tree in front of defendants' home there is a tree house. A 5/8 inch manila rope hung from the limb of the tree. The rope had been put there by the defendant, Mr. Campbell, about a year before the accident. About 15 minutes prior to the accident, the minor plaintiff and defendants' two children attached an automobile tire to the end of the rope. They also attached a bicycle inner tube to the tire to be used as a back rest when they sat in the tire. The minor plaintiff was the first to sit in the tire. He sat in the tire with his legs through the middle and his hands on the sides. He leaned back against the inner tube as he swung in the tire. The inner tube snapped and he fell backwards. The arc of the improvised swing was partly over a paved driveway. The minor plaintiff struck his head upon the driveway and was seriously injured.
The defendants had no knowledge prior to the accident that the tire had been fastened to the rope or that the tube had been fastened to the tire. Appellants' complaint charged the defendants with having maintained or allowed an improperly secured makeshift swing. Upon this appeal, the thrust of appellants' position is that the defendants maintained or allowed a rope to be placed in a dangerous position so that it could be used for a swing which would traverse a paved area.
Appellants concede that the court's judgment was proper at the time that it was entered but urged that a recent decision of the Supreme Court of Florida has overruled the law applied by the trial *631 court,[1] citing Wood v. Camp, Fla. 1973, 284 So.2d 691.
In the cited case, the Supreme Court held:
"We resolve our dilemma in a troublesome area by concluding, and we so hold, that the class of invitees now under the present definition in Lunney [Fla., 261 So.2d 146] as entitled to reasonable care is expanded to include those who are `licensees by invitation' of the property owner, either by express or reasonably implied invitation. We thereby eliminate the distinction between commercial (business or public) visitors and social guests upon the premises, applying to both the single standard of reasonable care under the circumstances."
The test therefore is whether the facts recited raised a reasonable inference that the appellee landowner, by allowing the rope to hang from a tree in such a position that it might be made by children into a swing which would have an are partly over a paved area, violated a duty of reasonable care to a neighborhood child. We think that a genuine issue of material fact is not raised and that under the law the appellees are entitled to judgment.
Appellants suggest that the issue is one of reasonable foreseeability and that only the jury can apply that test. This proposition cannot be true because under it every allegation of a breach of duty no matter how remote from an injury would result in a jury trial. The question of proximate cause is one for the court where there is an active and efficient intervening cause. See Tuz v. Burmeister, Fla.App. 1971, 254 So.2d 569, where the court held:
* * * * * *
"It is well-established law that in order for one to be liable for the negligent injury or death of another, it must be shown that such negligence was the proximate cause of the injury or death. In the present cause, even if it could be said that Chadbourne, Inc. was negligent in parking its heavy equipment upon the edge of a dead-end street, under the circumstances as shown by the evidence, it appears without dispute that the negligence, if any, was not the proximate cause of the decedent's death. There can be no recovery for an injury or death which was not a reasonably foreseeable consequence of the defendant's negligence. Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla.App. 1st, 1960), cert. den. 127 So.2d 441 (Fla. 1961).
"Here, the evidence amply demonstrates that the independent efficient cause of the death of appellee's husband was the act of Tuz in operating his automobile in the manner as hereinabove set out. We therefore hold that the trial court erred in denying appellant Chadbourne's motions for a directed verdict. As a matter of law, appellant Chadbourne could not have been expected to anticipate, by prudent human foresight, that the death of the decedent would probably have occurred as a result of parking the roadgrading equipment on the edge of a dead-end street. See 23 Fla.Jur., `Negligence,' §§ 31 and 32; General Telephone Company of Florida, Inc. v. Mahr, 153 So.2d 13 (Fla.App. 2nd, 1963)."
* * * * * *
Affirmed.
CARROLL, Judge (dissenting).
I respectfully dissent. First, there is the question of whether the defendants were in breach of a duty to the invitee to maintain the premises in a reasonably safe condition. In my view the condition created by the existence of the rope that could be used as a swing, which was so located that when used by children as a swing it *632 could swing over a paved or hard surface, was one which a trier of fact properly could hold to be an unsafe condition.
Secondly, when that condition exists, it may not be held as a matter of law that it is not foreseeable that a child who is an invited guest will so use the rope as a swing (with or without anything tied to the end of it) and could fall and suffer an injury, or greater injury, by landing on the hard surface (as in fact occurred in this case).
Therefore, I cannot agree with the conclusion of the majority that the use thereof as a swing by a child invitee is a non-anticipatable and intervening cause upon which to hold that as a matter of law the dangerous condition, if it was such, was not the proximate cause of the resultant injury. The questions relating to negligence and the question of proximate cause, as such issues generally are held to be, were issues to be determined in this case by the trier of the facts.
For those reasons I would reverse the summary judgment and remand the cause for trial.
NOTES
[1] An appellate court will apply the law as it exists at the time of the appeal. Yates v. St. Johns Beach Development Co., 122 Fla. 141, 165 So. 384 (1935).