453 So.2d 908 (1984)
Lucille KOHLER and Robert Kohler, Appellants,
v.
MEDLINE INDUSTRIES, INC., et al., Appellees.
No. 83-2348.
District Court of Appeal of Florida, Fourth District.
August 8, 1984.
Val L. Osinski of Law Offices of Val L. Osinski, Coral Springs, for appellants.
Kathleen M. Williams and Michael J. Murphy of Fowler White Burnett Hurley Banick & Strickroot, Miami, for appellees.
GLICKSTEIN, Judge.
Briefly stated, this is a case in which a trained nurse's aide knew that she should close a urine bag and simply neglected to do so with the inevitable result that its contents spilled onto the floor. Another nurse slipped in the resulting puddle and fell. Her ensuing suit named the manufacturer of the bag, claiming negligence and strict liability in its design.
The trial judge took the bull by the horns and granted summary final judgment in favor of the manufacturer of the urine bag. We see no reason for attempting to make the judgments for which the trial judge is paid. Accordingly, we affirm. As we view our role, we are not to act as a second tier of trial judges and reverse because we may have done things differently.
It is, in the eyes of the majority, easy to see how a trial judge could reasonably conclude that the design of the urine bag was not the cause of the accident and that the forgetfulness of the nurse's aide was the sole cause. Were we to eliminate from trial judges their right to control their cases by making reasonable decisions in the granting of summary judgments and direction of verdicts, we should lower their salaries and raise our own while relabeling our functions here.
We perceive no difference in this case and that of the forgetful pilot owner who neglected to check a control before take-off in Kroon v. Beech Aircraft Corporation, 628 F.2d 891 (5th Cir.1980), in which the *909 appellate court affirmed the trial court's entry of summary judgment against the pilot owner in favor of the manufacturer. There, too, one judge disagreed with the majority's collective value judgments. The language of the majority opinion could easily apply to the present case because of the expert evidence in the present case that there could have been a different design. We can even assume that a multilingual warning could have been printed on the bag to remind the negligent party here to close the bag. The court discarded similar speculation in Kroon, saying:
Specifically, Kroon suggests that the failure to design the gust lock system in a fashion that rendered the plane entirely inoperable when the controls were locked was negligence, a breach of implied and express warranties of fitness and merchantability, or a design defect making Beech answerable in strict liability. The Florida Supreme Court has indicated that to recover on any of these theories, a plaintiff must show that the defendant's conduct was a proximate cause of the plaintiff's injury. West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976). Based on the undisputed facts, we agree with the district court in this case that, as a matter of law, Kroon's conduct was the sole proximate cause of the accident. Kroon argues that the question of proximate cause should have been left to the jury. Although in Florida the determination of proximate cause is normally left to the jury, a summary judgment on the ground that plaintiff's conduct was the sole proximate cause of an injury is appropriate when reasonable jurors could only so conclude. Helman v. Seaboard Coast Line R. Co., 349 So.2d 1187, 1189, 1190 (Fla. 1977). The Florida Supreme Court cited Kwoka v. Campbell, 296 So.2d 629, 631 (Fla. 3d Dist.Ct.App. 1974), in support of that proposition, where the court held that "[t]he question of proximate cause is one for the court where there is an active and efficient intervening cause." The Kwoka court noted that a rule reserving to the jury all such determinations would mean that "every allegation of a breach of duty no matter how remote from an injury would result in a jury trial." Id.

... .
To be sure, the gust lock system could have been designed differently, and had it been designed so that the aircraft could not be moved with the lock engaged, this accident could not have happened. In this sense, the design of the lock system was a cause of the accident. On the facts of this case, however, the design was not a proximate cause of the accident. The district court aptly analogized the circumstances of this accident to a situation in which a pilot takes off with only a gallon of fuel in his tanks. Such accidents can and do happen; and no doubt an airplane could be designed to make such an accident impossible. It would, however, strain reason to suggest that the failure to make the aircraft fool-proof in that detail proximately causes the resulting disaster if an experienced pilot familiar with the particular aircraft were to take off without checking to see if he had sufficient fuel. In Matthews v. Williford, 318 So.2d 480, 481 (Fla. 2d Dist.Ct.App. 1975), the Florida Second District Court of Appeals said:
The law is well-settled in this state that a remote condition or conduct which furnishes only the occasion for someone else's supervening negligence is not a proximate cause of the result of the subsequent negligence.
On this occasion, Kroon was careless, and his carelessness was the only legal cause of the accident. If there was any fault in the design of the gust lock system, it was clearly no more than a remote condition that furnished Kroon with the opportunity to be careless. See, e.g., Alves v. Adler Built Indus. Inc., 366 So.2d 802 (Fla. 3d Dist.Ct.App. 1979) (without deciding question of defendants' negligence, court affirmed summary judgment in favor of defendants based on holding that decedent's conduct, not defendants', was proximate cause of injury); Watson v. Lucerne Machinery & *910 Equip., Inc., 347 So.2d 459, 461 & n. 2 (Fla. 2d Dist.Ct.App. 1977), cited with approval in Auburn Mach. Works Co. v. Jones, 366 So.2d 1167, 1172 n. 3 (Fla. 1979) (without deciding whether defendant's machine was defective, court affirmed summary judgment in favor of defendant on ground that plaintiff's conduct was sole cause of plaintiff's injury).
Id. at 893-94. This case is but a demonstration of human failing, and attempting to compensate therefor would be as futile as an attempt to reverse the seasons. McClellan's tardiness and Burnside's clumsiness at Antietam enabled Lee to hold. Redesign of the urine bag would have been no more relevant to the mental lapse of the nurse's aide here than improving those leaders' curriculum at West Point would have been to the outcome of that battle.
HERSEY, J., concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissenting:
In my opinion a summary judgment disposition of this case in favor of the defendant manufacturer was inappropriate. It should be reversed.
Regardless of the negligence of the nurse's aide in forgetting to close the opening clip in the urine drainage bag after she had emptied it, there still remained issues for jury determination.
Was the intervening act of the nurse's aide in forgetting to close the bag foreseeable by the manufacturer in light of its failure to furnish labels and instructions as to the bag's operation (it furnished labels and instructions for other urinary bags it marketed) and in light of the bag's peculiar design? If it was foreseeable, then the manufacturer will not be relieved of liability by the intervening act. In sum, the issue is proximate cause. Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA 1981); Moyer v. Martin Marietta Corp., 481 F.2d 585 (5th Cir.1973); and Auburn Machine Works, Co., Inc. v. Jones, 366 So.2d 1167 (Fla. 1979).
In light of the law and inferences to be gleaned from the record, I suggest that the issue as to manufacturer's liability is a jury question.
I would reverse and remand.