THIRD DIVISION

March 31, 1999

No. 1-98-1208

SAFEWAY INSURANCE COMPANY,              )  Appeal from the

)  Circuit Court of

Plaintiff-Appellant,     )  Cook County.

)

v. )      

)  

SANETTA HISTER,        
             
)  Honorable

)  Dorothy Kirie Kinnaird,

Defendant-Appellee.   )  Judge Presiding.

JUSTICE McBRIDE delivered the opinion of the court:

On June 15, 1995, defendant Sanetta Hister (Hister) was involved in a hit-and-run accident.  Hister sought uninsured motorist coverage from plaintiff Safeway Insurance Company (Safeway), claiming that she could not identify the owner or operator of the vehicle that hit her.  On October 9, 1997, Safeway filed a declaratory judgement action to stay arbitration of Hister's claim, alleging that the owner or operator of the hit-and-run vehicle was, in fact, ascertainable, thereby precluding uninsured motorist coverage under Hister's policy.  Safeway alleged that a description of the hit-and-run vehicle and a license plate number had been given to the police on the date of the accident.  A copy of the police traffic accident report 

was attached as an exhibit to Safeway's complaint.  

The police report indicated that the hit-and-run vehicle was an Oldsmobile with a license plate number of ERC 882, however, no identifying state was listed.  Safeway also alleged that it had discovered the owner of this Oldsmobile to be April Petty (Petty).  A copy of the title and registration record for an Illinois license plate number ERC 882 (listing the owner of the automobile as Petty) was also attached as an exhibit to Safeway's complaint.  Safeway requested a permanent stay of Hister's arbitration claim.

Hister then filed a motion to compel arbitration under her policy, arguing Safeway was attempting to limit its coverage in violation of the Illinois Insurance Code.  See 215 ILCS 5/143a (West 1996).  Hister alleged that she did not obtain a license number for the hit-and-run vehicle, could not identify its driver, and did not know how a license plate number appeared on the traffic accident report.  Hister's affidavit was attached in support of these allegations.

Safeway responded to Hister's motion to compel by again alleging that Hister had failed to show that the owner or operator of the vehicle which hit her could not be identified.  Attached were the police report and State title information regarding the Oldsmobile, as well as a "sworn statement" of Hister in which she recounted the details of the accident in question.

On January 22, 1998, the trial court denied Hister's motion to compel arbitration and granted Safeway leave to file an amended complaint.  On January 29, Safeway filed an amended complaint for declaratory judgement and a motion to stay the arbitration of Hister's hit-and-run claim pending resolution of Safeway's declaratory judgement action.
  
On February 6, Hister filed her answer denying all relevant allegations.  

On the same day, Hister filed a motion for summary judgement relying on its previously filed motion to compel arbitration.  In opposing Hister's motion for summary judgement, Safeway relied on its previous response to Hister's motion to compel.  The trial court granted Hister's motion for summary judgement, and this appeal followed.

 We review 
de novo 
a trial court's grant of summary judgement.  
Berlin v. Sarah Bush Lincoln Health Center, 
179 Ill. 2d 1, 7, 688 N.E.2d 106 (1997).  We are mindful that summary judgement should be granted only where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, show that there is no genuine issue as to any material fact and that the movant is entitled to judgement as a matter of law.  735 ILCS 5/2-1005(c) (West 1994); 
Berlin, 
179 Ill. 2d at 7.  But, we are also reminded that the summary judgement procedure is an important tool in the administration of justice, and its use in a proper case is to be encouraged because its benefits inure not only to the litigants in the savings of time and expenses, but to the community in avoiding congestion of trial calendars and the expenses of unnecessary trials.  
Fooden v. Board of Governors of State Colleges and Universities, 
48 Ill. 2d 580, 272 N.E.2d 497 (1971).

Safeway contends on appeal that it presented sufficient evidence establishing a question of fact existed as to whether the identity of the owner or operator of the hit-and-run vehicle was ascertainable.  We disagree.  

Before beginning our analysis we note the relevant portion of Hister's automobile insurance policy describes a hit-and-run motor vehicle as "one which causes bodily injury to an insured arising out of physical contact of such motor vehicle with the insured * * * provided, (a) there cannot be ascertained the identity of either the operator or owner of such hit-and-run motor vehicle."

Hister's motion for summary judgement was supported by her own affidavit, in which she stated that due to the injuries she sustained she did not obtain a license number for the hit-and-run vehicle, she could not identify its driver, and she did not know how a license plate number appeared on the traffic accident report.  Safeway submitted no counter-affidavits contradicting the facts alleged in Hister's affidavit.  When affidavits presented in support of summary judgement are not contradicted by counter-affidavits, they must be taken as true, even though the adverse party's pleadings allege contrary facts.  
Laurence v. Flashner Medical Partnership, 
206 Ill. App. 3d 777, 784, 565 N.E.2d 146 (1990).  If a party moving for summary judgement supplies facts which, if left uncontradicted, would entitle the party to a judgement as a matter of law, the opposing party cannot rely on its pleadings alone to raise issues of material fact.  
Barber-Colman Co. v. A & K Midwest Insulation Co., 
236 Ill. App. 3d 1065, 1070-71, 603 N.E.2d 1215 (1992).  
Purtill v. Hess, 
111 Ill. 2d 229, 489 N.E.2d 867 (1986).    

Although the court at the summary judgement stage does not try the issues, evidence that would be inadmissible at trial may not be considered in support of or in opposition to a motion for summary judgement.  
Kaplan v. Disera, 
199 Ill. App. 3d 1093, 557 N.E.2d 924 (1991).  Accordingly, the trial court must consider and decide whether the affidavits and attachments which purport to create a genuine issue of material fact would be admissible evidentiary matter at a trial on the merits.  
Harris Bank Hinsdale, 
235 Ill. App. 3d 1013, 1025, 601 N.E.2d 1330 (1992).

Safeway points to various documents attached to its pleadings that, it contends, should have precluded entry of summary judgement against it.  Specifically, Safeway relies on copies of the police traffic accident report, the title and registration record of Petty's vehicle, and Hister's "sworn statement."  We will address each document, relied upon by Safeway, separately in our discussion.  

First, we note that the trial court properly disregarded the traffic accident crash report because it is a hearsay document and was unsupported by an affidavit.  See 
Jones v. Beker, 
260 Ill. App. 3d 481, 484, 632 N.E.2d 273 (1994) (in ruling on summary judgement motion, trial court properly struck those portions of officer's affidavit that contained a copy of the police report, since generally police reports are inadmissible hearsay); 
Harris Bank Hinsdale, N.A. v. Caliendo, 
235 Ill. App. 3d 1013, 1026, 601 N.E.2d 1330 (1992) (where Bank filed a motion for summary judgement supported by affidavit, trial court properly disregarded unsworn and uncertified letter attached to and referenced in mortgagor's affidavit submitted in response); 
see 
also Supreme Court Rule 191, 134 Ill. 2d R. 191 (providing that affidavits in support of and in opposition to motions for summary judgement "shall have attached thereto 
sworn or certified copies of all papers upon which the affiant relies 
***") (Emphasis added).  

It is clear from the record of proceedings that the trial judge did not consider the traffic accident report because it was hearsay and thus not competent evidence, and because plaintiff failed to provide any affidavit from the police officer to support its admission at the summary judgement stage.  Hearsay, aside, the narrative portion of the crash report, which attributes a statement to Driver #2 (presumably Hister), indicates only the following:  that a vehicle backed into Hister's car when the vehicle could not make the turn at the light, and after making the left turn, the offending vehicle fled southbound on Vincennes.  Nothing in this portion of the report contradicts Hister's affidavit and substantiates what she said in her later "sworn" statement to the insurance company's attorney, that the car did not remain on the scene after the collision, but fled.  

The next document upon which plaintiff relies is an Illinois motor vehicle registration.  While the title and registration record of Petty's vehicle appears to have been certified by the Secretary of State's Office, that record is meaningless unless viewed in conjunction with the police report allegedly listing the license number of the hit-and-run vehicle. That number, ERC 882, has little if any evidentiary value because a review of the traffic accident report does not indicate the license was registered in Illinois.  Contrary to the allegations in Safeway's amended complaint, nothing in the accident report indicates the vehicle that ran from the scene bore an Illinois license plate.

Thus, there is no competent evidence in the record connecting either the registration or Petty to the collision.

Although Safeway in its unverified complaint concludes that Petty was the driver of the vehicle involved in the accident with Hister, the only other documents in this case regarding Petty, suggest otherwise.  One is a copy of a typewritten letter from Petty's insurance carrier to Hister's attorney, dated January 15, 1997, disclaiming that Petty was involved in a collision with Hister.  The other is a copy of a handwritten note, prepared on August 1, 1995 by Petty, in which she denies any involvement in a motor vehicle collision with  Hister on June 15, 1995.  Admissible or not, these letters do not support Safeway's contention that Petty was the owner or operator of the vehicle that struck Hister.  

Nor did the "Sworn Statement of Sanetta Hister" preclude granting summary judgement in Hister's favor.  In this statement, Hister said that on June 15, 1995, an Oldsmobile, driven by a person that she thought was a woman, was in the left turn lane on 79th Street at the intersection with Vincennes Avenue in Chicago.  Hister's vehicle was at a complete stop directly behind the Oldsmobile.  When the light controlling the traffic turned green, the driver of the Oldsmobile pulled halfway into the intersection, reversed, and struck Hister's car.  The driver of the Oldsmobile eventually completed a left turn, stopped briefly and then fled the scene.  Hister drove to the police station, where an accident report was prepared.  Hister was not unconscious as a result of the impact but did not recall if her vision was blurred.  When the car turned, she did not see the driver, she did not obtain the license plate number or recall the color or any other characteristics of the Oldsmobile.  

At the time of the impact, Hister's stomach and legs hit the steering wheel; her head, neck and back hit the seat and she had a headache.  She described the impact as "heavy".

Although Safeway contends Hister's "statement under oath" raises a question of material fact, nothing in this statement contradicts her affidavit regarding her inability to ascertain the identity of the owner or operator of the hit-and-run vehicle.  To the contrary, the statement supports the facts contained in Hister's affidavit.

Lastly, Safeway concludes, without any factual support, that Hister's husband must have seen the driver or gotten the license number of the car.  Hister did say in her "statement under oath" that the only other person in her car at the time of the collision was her husband, Alonzo Anderson.  However, he is not listed as a witness on the accident report.  In fact, there are no witnesses listed on the accident report.  And, Safeway never took Anderson's deposition to see if he had any information to provide about the collision.  Thus, this allegation has no evidentiary support in the record.

The trial court was required to consider all the pleadings, affidavits, depositions, admissions, and exhibits on file in determining whether competent evidence raised a genuine issue of material fact.  The trial court did so and concluded that there was no competent evidence supporting Safeway's claim.

Safeway, relying on a Florida case, 
Massa v. Southern Heritage Insurance Company, 
697 So. 2d 868 (Fla. Dist. Ct. App., 1997), also contends that Hister had a duty to exert a reasonable effort to ascertain the identity of the alleged hit-and-run driver.

In 
Massa 
the insured sought uninsured motorist coverage after he was forced to slam on his brakes to avoid hitting a vehicle which had stopped suddenly to turn in front of him.  In that case, the plaintiff had no physical contact with this offending vehicle and there was no suggestion that the other vehicle fled the scene.  The plaintiff admitted that he made no effort to stop or speak to the driver of the offending vehicle.  In fact, he observed the vehicle, a convertible, go into a gas station and stop while he continued driving.  The plaintiff claimed he did not realize the extent of his injuries from the sudden stop until sometime later; consequently, he had no reason to immediately identify the driver and thus he could not identity the hit-and-run driver.    

Finding that the failure to attempt to identify the other driver immediately did not preclude uninsured motorist coverage, the court in 
Massa 
determined that the language of the hit-and-

run policy at issue included situations where the operator is unidentified and has left the scene of the accident because there was then no reason to identify him, as well as the operator who actually prevents identification by leaving the scene.  
Massa, 
697 So.2d 868 at 871.

The rationale for the court's decision was said to be the following:  "An injured person who is not aware of his injury until it is too late to take steps to make the necessary identification is in precisely the same situation of deprivation of remedy as he would be if he knew he was hurt but the other driver left the scene without opportunity to identify him.  And it seems the purpose of the statute broadly to afford protection in any situation
 
where a vehicle leaves the scene of [an] accident without identity."  
Massa 
697 So.2d 868 at 871.  Based upon a unique set of facts, the 
Massa 
court went on to hold that there may be no coverage where the insured does not make a reasonable effort to identify the hit-and-run driver.  The question of whether a reasonable effort had been made, was to be resolved by the trier of fact upon remandment.  However, the court also stated "there is no obligation of an injured person to chase hit-and-run drivers."  
Massa, 
697 So.2d 868 at 872. 

We agree only with this last observation and also find that there is no obligation of an injured person to chase hit-and-run drivers.  We decline to follow 
Massa 
because it is factually distinguishable and because we will not read into this policy an insured's requirement to make such an effort.

As Judge Klein pointed out in the dissenting opinion:  "It would have been a simple matter for the insurer to have included a provision in the policy which required an insured to make a reasonable effort to identify the negligent motorist.  It could have defined such a motorist as one who 'could not, with reasonable effort, have been identified,' but did not do so."  
Massa, 
697 So.2d 868 at 872.

Under Illinois law, a driver of any vehicle involved in a motor vehicle accident resulting in injury, death, or property damage is required to give his or her name, address, registration number and the name of the owner of vehicle to the person struck (See 625 ILCS 5/11-403 (West 1994)).  We are not aware, however, of any statutory duty or Illinois decision that requires the injured party to make a reasonable effort to ascertain the identity of a driver fleeing the scene of a collision.  

Nor do we find that the provisions of the insurance contract in the instant case reveal the parties had agreed the insured would make a reasonable effort to "ascertain" the identity of the owner or operator of the offending vehicle.  
Walsh v. State Farm, 
91 Ill. App. 3d 156, 235 N.E.2d 394 (1968).

In 
Walsh 
the interpretation of the identical policy language was at issue.  There, plaintiff's vehicle was struck from behind while she was waiting for a red light.  She was alone in her car at night, the road was dark, and there was very little traffic.  The man who struck her was, at times, slumped over the wheel and then making "faces" at her.  She was afraid to get out of her car and was unable to read the license plate number of his vehicle.  The other driver did not get out of his car, but he continued to follow her for sometime and would occasionally speed up, as if he were going to collide with her vehicle again.  As Walsh was about to go to a restaurant to get help, the driver of the offending vehicle sped up, swerved around her and was not seen by the plaintiff again.  The insured was unable to get a license plate number, but testified she was able to determine that the driver was a man, and observed that the vehicle that struck her was a red Rambler station wagon.  State Farm contended that since the insured did not get out of her car to learn the identity of the offending driver, it could not be said that his identity was unascertainable.  In affirming the trial court's finding of coverage, the appellate court concluded that the language "cannot be ascertained" included, not only situations where the driver had fled the scene but also where the identity of the driver could not be discovered because the insured reasonably feared for her physical safety.  
Walsh, 
91 Ill. App. 2d at 163.  In 
Walsh 
the court noted that the reasons for such an inability to ascertain the driver of a hit-and-run motor vehicle were not part of the contract of insurance and it would not "add terms to the contract of insurance which the parties have not included in the language of the policy."  
Walsh, 
91 Ill. App. 3d 156 at 161.  Likewise, in the instant case we will not add terms to the contract of insurance that were not contemplated by the parties.

Moreover, the facts of the instant case typify the very situation where the hit-and-run vehicle cannot be ascertained because the driver has fled the scene.  

Immediately after the collision and after completing her left turn at the intersection, Hister pulled over to the side of the road where the Oldsmobile was located.  As she did so, the vehicle then pulled out and sped away.  Hister went to the police station and filled out a report as she was required to do under the terms of her policy.  We don't find there was any more that Hister could or should have done at that time.  Although Safeway suggests it was the conduct of the insured in this case that led to the inability to identify the hit-and-run vehicle, we conclude it was clearly the conduct of the hit-and-run driver that precluded Hister from ascertaining the identity of the owner or operator of the vehicle.

Finally we turn to Safeway's last contention that Hister did not object to the use of the three documents Safeway supplied in opposition to Hister's motion for summary judgement.

We disagree.  The following exchange took place when the trial court asked Hister's counsel why summary judgement was appropriate:

"[Hister' counsel]:  Well, because we filed a motion for summary judgement.  It's been supported by affidavit.  It's been uncontradicted; and the facts based on -- all of the facts that have been submitted to the Court by the parties unequivocally establish that [Hister] cannot identify the owner and/or driver of the vehicle that caused her injury.

However, it's Safeway's position that that driver and owner is identifiable and that that driver and/or owner is April Petty.  ***

*** I have submitted an affidavit.  I have submitted other evidence.  Safeway has alleged in their complaint that Miss Hister can identify the vehicle by the license plate number.  However, they've provided no evidence of that; and, in fact, you have an affidavit that she did not and cannot.

***

The trial judge, in fact, repeatedly expressed dissatisfaction with Safeway's response to Hister's motion for summary judgement.  After counsel for Safeway speculated as to what Petty might testify to if the matter was to proceed to trial, the trial judge commented:

"THE COURT:  But that's what you do before somebody presents somebody with a motion for summary judgement.  You take her deposition.  You take the deposition of everybody in [Hister's] car.  [You talk to] the police officer.  You find out how the license plate number got on the police report.

Even if I had an affidavit from the policeman or something here that said the only time I ever put anything on the police report is if the complainant says I may not remember this particular one but something, I have absolutely nothing for summary judgement on Safeway's side.

***

I mean, there were so many other things that Safeway could have done in response to this motion, including take some discovery in response to this motion, to give me something that would say this case justifies a trial."

As stated earlier the facts set out in Hister's affidavit established that she was unable to ascertain the identity of the owner or operator of the hit-and-run vehicle.

On the other hand, Safeway submitted no counter-affidavits, relied on an unverified complaint and hearsay documents as a response, did not take any depositions, and did not request a continuance to do so.  Having reviewed the competent evidence presented, the trial court was correct in determining as a matter of law, that the operator or owner of the vehicle involved in the collision with Hister could not be ascertained.

We express no opinion on the merits of the underlying claim.  However, summary judgement in favor of the defendant was properly granted and the order compelling arbitration is affirmed.

Affirmed.

CERDA, J., and BURKE, J., concur.