# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3429
L.T. Case No. 2019-CA-002884

_____

SARAH WALKER,

    Appellant,

    v.

M633, LLC d/b/a CHICK-FIL-A OF
DEERWOOD PARK,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Katie L. Dearing, Judge.

Christopher W. Hewett, of the Law Office of Nooney, Roberts, Hewett, and Nowicki, Jacksonville, for Appellant.

Brian W. Leeds and Michael A. Price, of Vernis & Bowling of North Florida, PA., Jacksonville, for Appellee.


February 27, 2026

MacIver, J.

    Appellant, Sarah Walker, appeals a final order granting summary judgment in favor of Appellee, M633 LLC d/b/a Chick-fil-A of Deerwood Park ("Chick-fil-A"). We affirm for the reasons explained below.

## I.

During a visit to Chick-fil-A, Walker's three-year-old son was playing on the restaurant's playground. Walker heard her son call out for help but could not see him, so she stood up on a freestanding wooden bench with a vinyl cushion top in the playground area. The bench was designed for sitting; it had no handrails or mechanisms intended to assist someone standing on it. Walker knew the bench was designed for sitting. Walker, with a handbag around her neck, a telephone in her hand, and wearing shoes, stepped up onto the bench for about eight seconds. After about five seconds, Walker sidestepped to her left, moving to the far-right side of the bench with her toes at the forward leading edge of the bench seat, the point furthest from the center of the bench. The bench tipped forward and Walker fell to the ground, allegedly sustaining injuries. After she fell, she got up and "put the bench back together."

Walker filed a complaint for negligence against Chick-fil-A, claiming that by not securing the bench in the children's play area, Chick-fil-A breached its duty to her as a business invitee by failing to maintain the premises in a reasonably safe condition, to provide adequate lighting, and to warn her of a foreseeable, unreasonably dangerous condition.

The trial court granted Chick-fil-A's motion for summary judgment and denied Walker's motion for reconsideration. The trial court found that the existence of a bench which is not affixed to the building's foundation did not render the premises unsafe. Chick-fil-A had no duty to warn Walker of any peril because no peril was known to it which Walker could not discover with the use of ordinary care. Further, Walker's argument that had the lighting been brighter in the playground area, she would have been able to see her child without climbing on the bench failed. *Why* Walker climbed on the bench was irrelevant; the choice to stand on the bench was made entirely by Walker and her fall was the result of that choice, not any condition created by Chick-fil-A.

## II.

We review the granting of summary judgment in favor of Chick-fil-A de novo. *Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000); *Johnson v. Wal-Mart Stores E., LP*, 389 So. 3d 705, 709 (Fla. 5th DCA 2024). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a).

"Generally, a property owner owes two duties to an invitee: (1) the duty to use reasonable care in maintaining the property in a reasonably safe condition; and (2) the duty to warn of latent or concealed dangers which are or should be known to the owner and which are unknown to the invitee *and cannot be discovered through the exercise of due care.*" *Dampier v. Morgan Tire & Auto, LLC*, 82 So. 3d 204, 206 (Fla. 5th DCA 2012) (emphasis added) (citing *Aaron v. Palatka Mall, L.L.C.*, 908 So. 2d 574, 577 (Fla. 5th DCA 2005)). If the nature of a hazard is open and obvious, a property owner does not have a duty to warn, but it still has a duty to maintain the property in a reasonably safe condition. *Id.* "When considering whether the general facts of a case establish a duty, our focus is on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat of harm to others." *Johnson*, 389 So. 3d at 709 (citation modified).

Walker argues that it was foreseeable that some injury would occur, and that question should be determined by a jury. However, when analyzing foreseeability, duty and proximate causation are distinguishable.

When foreseeability pertains to duty, it is typically a question of law for the judge. *Hanrahan v. Hometown Am., LLC*, 90 So. 3d 915 (Fla. 4th DCA 2012). Courts should resolve the issue as a matter of law when the facts are clear, and the evidence supports no more than a single reasonable inference.

When foreseeability relates to causation and the evidence is conflicting, raises material factual issues, or permits differing reasonable inferences, the issue must be left to the factfinder. *Springtree Props., Inc. v. Hammond*, 692 So. 2d 164, 167 (Fla. 1997); *Serrano v. Dickinson*, 363 So. 3d 162, 165 (Fla. 4th DCA 2023).

Here, the facts were clear and undisputed, and no differing reasonable inferences could be made as to causation. So, the question lay in whether Chick-fil-A had a duty to warn Walker of a dangerous condition—a question of law for the judge. *See Johnson*, 389 So. 3d at 709.

There was no evidence that the bench created a dangerous condition, nor was there evidence that the bench had been in continuous and obvious use as something on which an adult could stand. It was not foreseeable that Walker would step up onto a bench designed for sitting. At a minimum, if someone were to use the bench outside its normal purpose (e.g., by standing on it), one would assume they would exercise due care by checking its suitability for that use.

In fact, Walker testified in her deposition that she had sat down on the bench many times before and it appeared to be sturdy and stable. She testified that she had seen *children* stand and play on the bench and other parents sit on the bench. The Chick-fil-A employees had regularly cleaned and wiped down the bench, found no defects, and the bench had been in use for seven years without issue. Both parties believed that prior to the incident, the bench was safe and sturdy and presented no dangerous condition. Chick-fil-A had no actual or constructive knowledge of a dangerous condition with the bench. *See e.g., Pio v. Simon Cap. GP*, 366 So. 3d 1200, 1205 (Fla. 2d DCA 2023) (finding it was not foreseeable that people would step into a landscaped area of a mall parking lot, where there was no evidence that the grass bed had become a well-trampled footpath or been used as a pedestrian shortcut to put the mall operator on constructive notice of the condition, and thus there was no duty to anticipate harm). In short, using something as a stepstool that is not designed for that purpose comes with an open and obvious level of risk. That the bench was not bolted to the floor did not create a separate risk, because it was a fact that would have been easily discovered if she had exercised due care when she decided to use the bench improperly.

Further, even if the bench were potentially hazardous, the judge could decide it was open and obvious as a matter of law, and that Chick-fil-A was not liable. *See, e.g., Brookie v. Winn-Dixie*

4

*Stores, Inc.*, 213 So. 3d 1129 (Fla. 1st DCA 2017) (noting certain conditions are so common or innocuous that they do not constitute a dangerous condition as a matter of law); *Pio*, 366 So. 3d at 1204–05 (finding some conditions are so obvious that invitees can reasonably be expected to protect themselves, and liability may not arise unless the landowner should anticipate harm despite the condition's obviousness).

Finally, as the trial court correctly found, Walker's argument that Chick-fil-A failed to maintain adequate lighting in the play area lacks merit. Walker stated that the upper area of the playground is always darker near the ceiling where there are shadows. Her son was in the corner of the play area near the top in an opaque, plastic-like bubble that she could not look through. There was no reasonable causal link between the darker, upper area of the play area—whether it was adequately lighted or not—and any injuries Walker may have sustained from falling from a bench on which she should not have been standing. The question of causation can be decided by the judge where there is an intervening cause, such as Walker's negligent actions. *See Kohler v. Medline Indus., Inc.*, 453 So. 2d 908, 909 (Fla. 4th DCA 1984) (finding carelessness was the only legal cause of the accident where nurse's aide neglected to close a urine bag, its contents spilled onto the floor, another nurse slipped in the resulting puddle and fell).

## III.

The record evidence—which flowed from over four years of discovery and included video surveillance that captured the incident—and the case law simply do not support a jury finding that Chick-fil-A breached its duty to Walker by placing a freestanding bench for sitting in the play area or by not securing the bench to the floor. There is no evidence that a jury would find the bench was not maintained in a reasonably safe condition or that Chick-fil-A had a duty to warn Walker that she may fall off the bench if she stood on it.

AFFIRMED.

5

WALLIS, J., concurs.
MAKAR, J., concurs with opinion.

―――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――

MAKAR, J., concurring with opinion.

Affirmance is warranted with two caveats. The first is that this case would be different if a child had fallen from the playground bench, an obvious and foreseeable risk due to kids acting impulsively. That's because Florida law recognizes that "[t]hose who invite children, who have not arrived at the age of discretion,* to go upon their premises are required to exercise a relatively higher degree of care for their safety than to adults. That degree of care is commensurate with the attending facts and circumstances of each case." *Burdine's, Inc. v. McConnell*, 1 So. 2d 462, 463 (1941) (footnote added); *see also Collias ex rel. Collias v. Gateway Acad. of Walton Cnty., Inc.*, 313 So. 3d 163, 166 (Fla. 1st DCA 2021) (citing *Burdine's*); *Alegre v. Shurkey*, 396 So. 2d 247, 249 (Fla. 1st DCA 1981) (Ervin, J., concurring in part, dissenting in part) ("It has long been acknowledged that a child of tender years may be incapable of comprehending a patent risk and that a greater degree of care may be owed to the invitee-child by the business owner than to an adult of normal intelligence."), *approved by City of Miami v. Ameller*, 472 So. 2d 728, 729 (Fla. 1985). The second is that the specific facts of this case show that the mom knew that the playground bench was designed just for sitting, yet—with a handbag slung on her neck and cellphone in hand—she stepped onto and precariously pranced about to its edge, causing it (predictably) to tip over. This situation is akin to those where courts find no liability due to actions by adults who knew of the risks involved yet acted irresponsibly under the circumstances. *See Collias*, 313 So. 3d at 167–68.

---

\* *See Age of Discretion*, *Black's Law Dictionary* (8th ed. 2004) (defining "age of discretion" as the "age at which a person is considered responsible for certain acts and competent to exercise certain powers").

7